2020 IL App (1st) 191117-U

No. 1-19-1117

Order filed June 2, 2020.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JOSEPH ROBINSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 D 80458 |
| | ) | |
| RUBY HARE, | ) | The Honorable |
| | ) | John Thomas Carr, |
| Respondent-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The judgment of the trial court is affirmed where respondent failed to provide a sufficient record to demonstrate the court abused its discretion in its order on parental responsibilities.

¶ 2    *Pro se* respondent Ruby Hare appeals the order of the trial court granting Joseph Robinson, petitioner, full decision making over A.R., the parties' minor child, and setting forth a parenting plan that allocated parenting time between the parties. For the following reasons, we affirm.

¶ 3     We initially note that the record on appeal does not include a report of proceedings or transcript for the date of the hearing after which the trial court entered the order that respondent appeals. Ill. S. Ct. R. 323 (eff. July 1, 2017) (Appellant shall make written request for transcripts as part of the report on proceedings.).

¶ 4     To the extent that we can determine from the record at bar, the parties were not married and had a child, A.R., who was born on July 19, 2017. There were no other orders affecting parental responsibilities of A.R. prior to the current action. On October 2, 2017, petitioner filed a petition for custody of A.R.

¶ 5     On May 24, 2019, after a hearing regarding custody, the trial court issued a written order determining the allocation of parental decision-making and parenting time. The court's order provided "full parenting decision making" to petitioner and set forth a parenting plan for the parties. Specifically, petitioner was to make all significant decisions regarding education, health, religion, extra-curricular and recreational activities of A.R. Petitioner had unsupervised parenting time of A.R. on every Monday, Wednesday, and Friday, and unsupervised parenting time every other week on Saturday and Sunday. Respondent had supervised parenting time of A.R. on every Tuesday, Thursday, and supervised parenting time every other week on Saturday and Sunday. The court's order also noted that "status on this matter cont. to 7-24-19." Respondent filed a notice of appeal on May 24, 2019.

¶ 6     On February 25, 2020, this court entered an ordered taking the case on respondent's brief only.  See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131, 133 (1976). Although, respondent does not state on what grounds this court has jurisdiction, we briefly point out that Illinois Supreme Court Rule 304(b)(6) (eff. March 8, 2016) allows for the immediate

appeal of a custody or allocation of parental responsibilities judgment. *In re Marriage of Fatkin*, 2019 IL 123602, ¶ 27.

¶ 7    We initially note that our review of respondent's appeal is hindered by her failure to fully comply with Illinois Supreme Court Rule 341 (eff. May 25, 2018), which governs the contents of briefs and requires an appellant's arguments to be supported by citations to the pertinent legal authority and portions of the record. Respondent's brief lacks several sections, including a statement of jurisdiction, a statement of facts with references to pages of the record, and an argument section with citation to pertinent legal authority. See *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010) ("The appellate court is not a depository in which the appellant may dump the burden of argument and research.").

¶ 8    The *pro se* status of respondent does not relieve her of the burden of complying with Illinois Supreme Court Rules. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7. Considering the content of respondent's brief, it would be within our discretion to dismiss her appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. However, because the issue in this case is simple, we choose not to dismiss the appeal on that ground. See *Stolfo v. KinderCare Learning Centers, Inc.*, 2016 IL App (1st) 142396, ¶ 19.

¶ 9    That said, the deficiencies in the record still prevent us from considering the appeal on the merits. It is well-settled that on appeal, the appellant, in this case respondent, has the burden to provide a complete record for review in the appellate court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). If no such record is provided, "it will be presumed that the ordered entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392; *Wing*, 2016 IL App (1st) 153517, ¶ 9. This is because in order for a reviewing court to

determine whether there was error it actually must have a record before it to review. *Foutch*, 99 Ill. 2d at 392.

¶ 10    Here, although the record shows that a hearing was held on May 24, 2019, and the court entered a written order on that date, the record does not contain a transcript of the proceedings on that day which may explain the court's reasoning. In this court, respondent argues she is "doing parenting classes now" and thus "can get [her] daughter back" but she does not provide any transcripts from the trial court hearing or other documentation to support this claim. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). We therefore have no basis for finding the court abused its discretion in its allocation of parental responsibilities or otherwise disturbing the trial court's judgment. See *Foutch*, 99 Ill. 2d at 391-92; *In re Marriage of Whitehead and Newcomb–Whitehead*, 2018 IL App (5th) 170380, ¶ 15 (The trial court must be awarded great deference in making a determination on parenting time because it is in the best position to determine the credibility of witnesses and the child's best interest).

¶ 11    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 12    Affirmed.