# Illinois Official Reports

## Appellate Court

---

**Askew Insurance Group, LLC v. AZM Group, Inc., 2020 IL App (1st) 190179**

---

| | |
|---|---|
| Appellate Court Caption | ASKEW INSURANCE GROUP, LLC, Plaintiff-Appellee, v. AZM GROUP, INC., Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>No. 1-19-0179 |
| Filed | February 7, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-L-7255; the Hon. Daniel J. Kubasiak, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Ankur Shah, of Shah Legal Representation, of Chicago, for appellant.<br><br>No brief filed for appellee. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Presiding Justice Mikva and Justice Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1     Following a default judgment entered against it in the circuit court of Cook County, the defendant-appellant, AZM Group, Inc. (AZM), filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)) to vacate the default judgment. The circuit court denied the petition. AZM now appeals the circuit court's judgment denying its 2-1401 petition. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                             BACKGROUND

¶ 3     In 2014, AZM executed an asset purchase agreement (APA) with the plaintiff-appellee, Askew Insurance Group, LLC (Askew). The APA addressed AZM's purchase of Askew. The terms of the APA included that Askew would continue its current lease agreement for its office space, from September 1, 2014, to April 30, 2017. There would be a separate sublease agreement between AZM and Askew (the sublease agreement). AZM would sublease Askew's office space, from September 1, 2014, to April 30, 2017. Under the terms of the sublease agreement, AZM agreed to pay Askew $1300 per month for the rent. Askew would then add the additional amount to total the monthly rent of $1550, which was then to be paid directly to the landlord by Askew.

¶ 4     On July 18, 2017, Askew filed a complaint against AZM alleging breach of contract and unjust enrichment. Specifically, Askew's complaint alleged that AZM had failed to pay the rent under the terms of the sublease agreement, since February 2017.

¶ 5     On September 29, 2017, AZM's principal agent, Zelda Matthews (a nonattorney), filed an appearance and answer *pro se* on behalf of AZM. The answer claimed that AZM had made the full rent payments under the terms of the sublease agreement but that the payments were made directly to the landlord.

¶ 6     On October 16, 2017, Askew filed a motion for default judgment on its complaint, alleging that AZM had failed to appear. The record reflects that Askew's motion was based upon the principle that corporations, such as AZM, must be represented by counsel in legal proceedings and cannot grant agents, such as Matthews, the right to represent the corporation through *pro se* appearances. *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 17. Askew's motion averred: "To date, [AZM] has failed to file an answer or otherwise plead and is therefore in default."

¶ 7     After Askew filed its motion for default judgment, the trial court continued the default proceedings three different times over the next several months. It can be inferred from the record that the trial court continued the proceedings numerous times to allow AZM the opportunity to secure counsel and file a proper appearance. This is especially true considering that, on the final order continuing the proceedings to February 15, 2018, the trial court instructed Askew to serve AZM a copy of its motion for default judgment *through certified mail with return receipt requested*, pursuant to Illinois Supreme Court Rule 105(b)(2) (eff. Jan. 1, 2018). Still, AZM *never* filed an appearance or responsive pleading, aside from the improper *pro se* appearance previously filed by Matthews.

¶ 8        Meanwhile, Askew filed an amended complaint. Its amended complaint added another breach of contract count. The new breach of contract claim alleged that AZM had failed to make several payments pursuant to the APA.

¶ 9        On December 11, 2017, during the period of time that the trial court was continuing the default proceedings, Askew refiled its motion for default judgment. The motion attached an affidavit from Askew's counsel. The affidavit stated that AZM had been properly served on August 9, 2017, but that, "[t]o date, [AZM] has failed to file an answer or otherwise plead and is therefore in default."

¶ 10       On February 15, 2018, the trial court held a hearing on Askew's motion for default judgment. As previously noted, AZM still had not filed an appearance by then. The trial court accordingly granted Askew's motion and entered a default judgment against AZM.

¶ 11       On September 10, 2018, AZM filed a section 2-1401 petition to vacate the default judgment entered against it on February 15, 2018.[1] The crux of AZM's section 2-1401 petition alleged that the default judgment was predicated on "certain inaccurate and incorrect representations made" by Askew. AZM attached an affidavit from Matthews, which stated that she had filed an appearance and answer. The affidavit further stated that Matthews never signed the version of the APA attached to Askew's amended complaint. AZM's section 2-1401 petition also argued that Askew did not have the capacity to sue, as it had dissolved as a corporation in 2015. AZM argued that the February 15, 2018, default judgment was accordingly void.

¶ 12       In response, Askew claimed that AZM "intentionally refused to show up to Court for [sic] in the underlying matter at any time" and "also failed to adhere to every single deadline that the Court issued." Askew also argued that AZM's petition failed to satisfy the due diligence and affidavit requirements for a section 2-1401 petition.

¶ 13       On December 12, 2018, following a hearing, the trial court denied AZM's section 2-1401 petition. The trial court noted that section 2-1401 petitions must allege a meritorious defense to the original action and must show that the petition was brought with due diligence. The order stated that "AZM has presented no evidence or arguments as to why it failed to file this petition until September 10, 2018, nearly seven months [after the default judgment entered against it]." The order further stated:

> "Matthews' affidavit sets forth no explanation to show that AZM acted with due diligence in bringing this petition. Matthews' affidavit also alleges that Matthews never signed or initialed the version of the APA attached to [Askew's] filings. Yet there are no allegations concerning AZM's actual alleged liability for the damages sought by Askew, and that affidavit does not expressly deny any other facts in the pleadings. AZM has presented no affidavit or evidence supporting any meritorious defense as to Askew's claims. Accordingly, AZM has failed to meet its burden in setting forth a legally sufficient section 2-1401 petition to vacate."

¶ 14       AZM filed a notice of appeal on January 25, 2019, challenging the trial court's December 12, 2018, order denying its section 2-1401 petition.

---

[1]A section 2-1401 petition seeks to vacate or void a judgment more than 30 days after the judgment has been entered. 735 ILCS 5/2-1401 (West 2018).

ANALYSIS

In its brief, AZM asserts that it filed a timely notice of appeal in the circuit court on January 11, 2019, pursuant to Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) ("[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from"). AZM claims that its January 11, 2019, notice of appeal was rejected by the circuit court because it had been submitted in the same envelope as a motion to stay and the system was unable to process it. So, AZM claims that it refiled its notice of appeal on January 25, 2019.

However, there was nothing in the record, such as the rejection notice from the circuit court of Cook County or an error message on a computer print-out, to indicate that AZM attempted to file a notice of appeal on January 11, 2019. Neither was there a sworn affidavit by AZM's counsel. Thus, there was nothing to substantiate AZM's argument that it attempted to file a timely notice of appeal on January 11, 2019.

Accordingly, on this court's own motion on November 21, 2019, we gave AZM an opportunity to submit "a motion for leave to file a late notice of appeal which *includes proof of good cause* for its failure to file a timely notice of appeal" pursuant to Illinois Supreme Court Rule 9(d)(1) (eff. Dec. 12, 2018). Following this court's order, on December 2, 2019, AZM filed a "Verified Motion for Appellate Court to Accept Appellant's Attempted January 11, 2019 or in the Alternative Appellant's January 25, 2019 Notices of Appeal."

AZM's motion alleges that its notice of appeal filed on January 11, 2019, was rejected by the circuit court but that AZM did not learn of the rejection until January 25, 2019. Notably, AZM still has not attached any evidence in support of its assertion that it attempted to file its notice of appeal on January 11, 2019. Nonetheless, since its motion is *verified* by its counsel, we accept this as the equivalent of a sworn statement provided under oath and, thus, will entertain the motion. See 735 ILCS 5/2-605 (West 2018); *Ringgold Capital IV, LLC v. Finley*, 2013 IL App (1st) 121702, ¶ 20. Since AZM's counsel has now sworn, under oath, that AZM filed a notice of appeal on January 11, 2019, and that it was rejected by the circuit court for technical reasons, we conclude that AZM has now established proof of good cause for its failure to file a timely notice of appeal, pursuant to Rule 9(d)(1). Accordingly, we grant AZM's motion and find that we have jurisdiction to consider this appeal.

Turning to the merits of the appeal, AZM presents the following sole issue for resolution: whether the trial court erred in denying its section 2-1401 petition. AZM argues that the trial court improperly analyzed its section 2-1401 petition under the traditional section 2-1401 analysis, which involves determining whether there is a meritorious defense and due diligence. AZM claims that it filed its section 2-1401 petition under subsection (f), which is exempt from the traditional section 2-1401 requirements and instead only required the trial court to determine whether the underlying judgment is void. And AZM avers that the February 15, 2018, default judgment is, in fact, void because Askew submitted "false and/or forged and misleading documentation." AZM further asserts that the default judgment is void because Askew dissolved as a corporation in 2015 and thereafter lacked the capacity to sue. In the alternative, AZM argues that the court erred in denying its section 2-1401 petition under the traditional analysis because AZM did show due diligence and a meritorious defense.

Section 2-1401 of the Code provides a statutory procedure whereby, under certain conditions, trial courts may vacate or modify a final judgment, in both civil and criminal proceedings, more than 30 days after the judgment has been entered. 735 ILCS 5/2-1401 (West

2018); *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Under a traditional section 2-1401 analysis, to be entitled to relief from a final judgment, the petition must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense, (2) due diligence in presenting this defense or claim to the circuit court in the original action, and (3) due diligence in filing the section 2-1401 petition for relief. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 37. However, a section 2-1401 petition is exempt from these requirements if it seeks to vacate a void judgment pursuant to subsection (f): "Nothing contained in this [s]ection affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2018); *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). The question of whether relief should be granted lies within the sound discretion of the trial court, and a reviewing court will reverse the trial court's ruling only if it constitutes an abuse of discretion. *Stolfo v. KinderCare Learning Centers, Inc.*, 2016 IL App (1st) 142396, ¶ 22. On the other hand, when a section 2-1401 petition presents a "purely legal challenge to a judgment," such as a claim that the underlying judgment is void, the standard of review is *de novo*. (Internal quotation marks omitted.) *Id.*

¶ 22    We initially address AZM's argument that the trial court applied an improper section 2-1401 analysis. AZM's section 2-1401 petition alleged that the February 15, 2018, default judgment is void and requested that the judgment be vacated pursuant to subsection (f). The petition argued, in the alternative, that the judgment should be vacated under a traditional section 2-1401 analysis because AZM "acted with diligence in light of the obvious defenses available." Clearly, the trial court's order applied the traditional section 2-1401 analysis and denied AZM's petition on the basis that it did not show due diligence or a meritorious defense. Accordingly, the trial court's order does not reflect an analysis under subsection (f), to determine whether the default judgment is void. It is well settled that we can affirm the trial court on any basis appearing in the record, whether or not the trial court relied on that basis in reaching its decision. *Taylor, Bean, & Whitaker Mortgage Corp. v. Cocroft*, 2018 IL App (1st) 170969, ¶ 60. Our review and analysis conclude that AZM's petition fails under both a traditional section 2-1401 analysis and a subsection (f) analysis.

¶ 23    As AZM devotes most of its brief to arguing that its section 2-1401 petition should have been granted because the default judgment is void pursuant to subsection (f), we address that argument first. Only the most fundamental defects warrant declaring a judgment void. *People v. Price*, 2016 IL 118613, ¶ 30. Our supreme court has recognized only three circumstances in which a judgment will be deemed void: (1) where the judgment was entered by a court that lacked personal or subject-matter jurisdiction, (2) where the judgment was based on a statute that is facially unconstitutional and void *ab initio*, and (3) where the judgment imposed a sentence that did not conform to a statutory requirement. *Id.* ¶ 31. AZM does not argue that the February 15, 2018, default judgment is void under any of these circumstances. Instead, AZM claims that the default judgment is void because Askew submitted "false and/or forged and misleading documentation to the trial court." This does not render the judgment void, and it has no impact on the trial court's *jurisdiction* over the case. See *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 39 (a void judgment is one entered by a court without jurisdiction). The proper vehicle to challenge Askew's pleadings under the theory asserted by AZM would have been a responsive pleading, alleging that Askew's pleadings contained fraudulent information.

But AZM never filed a responsive pleading.[2] See *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 38 (a section 2-1401 petition is not intended to relieve a litigant of the consequences of its own mistake or negligence).

¶ 24 We note that some of the "false and/or forged and misleading documentation" that AZM discusses in its appellate brief relates to proof of service, yet AZM never alleged that the trial court lacked jurisdiction due to improper service. Besides, that argument would fail, as AZM clearly had notice of the case because the trial court required Askew to serve its motion for default judgment *through certified mail with return receipt requested*. Further proof of AZM's knowledge of the case from its inception is the effort by its principal agent, Matthews, to file a *pro se* appearance and answer on its behalf. However, as asserted by Askew in its motion for default judgment, under Illinois law, corporations (such as AZM) must be represented by counsel in legal proceedings and cannot grant agents (such as Matthews) the right to represent the corporation through *pro se* appearances. *Downtown Disposal Services, Inc.*, 2012 IL 112040, ¶ 17. Consequently, Matthews's appearance could not and did not constitute an appearance for AZM. It did, however, confirm that AZM was aware of the pending lawsuit.

¶ 25 AZM also argues that the February 15, 2018, default judgment is void because Askew dissolved in 2015 and thereafter lacked the capacity to sue. See *Michigan Indiana Condominium Ass'n v. Michigan Place, LLC*, 2014 IL App (1st) 123764, ¶ 11 (the dissolution of a corporation is, in legal effect, the same as the death of a natural person, and so a dissolved corporation could not sue or be sued). Even assuming *arguendo* that this is true, this does not render the default judgment void. Instead, cases are *dismissed* for lack of capacity to sue when the defendant files a responsive pleading in the form of *a motion to dismiss* pursuant to section 2-619(a)(2) of the Code. See 735 ILCS 5/2-619(a)(2) (West 2018); *A Plus Janitorial Co. v. Group Fox, Inc.*, 2013 IL App (1st) 120245, ¶ 15 (the capacity to sue refers to the status of the party, not the court's jurisdiction). As we have noted, AZM did not file a responsive pleading to Askew's complaint. AZM's proper course of action, under the theory that it now seeks to advance, should have been the filing of a responsive pleading to dismiss the lawsuit pursuant to section 2-619 of the Code on the ground that Askew no longer existed as a corporate entity and therefore could not bring a lawsuit. That would have been the appropriate response and would have provided the trial court the proper vehicle for dismissing Askew's complaint. This was not done. Thus, the default judgment entered against AZM is not void, and AZM's section 2-1401 petition fails on that ground.

¶ 26 AZM argues, in the alternative, that the trial court should have granted its section 2-1401 petition under a traditional section 2-1401 analysis, which determines if the petitioner has shown proof of a meritorious defense, as well as due diligence in raising the meritorious defense in both the original action and the section 2-1401 petition. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 37. We agree with the trial court that AZM failed to meet these requirements. As noted by the trial court, AZM's section 2-1401 petition merely alleged that Askew had filed forged and misleading documents. At no time did AZM explain in its section 2-1401 petition why it failed to file a proper appearance and responsive pleading, although it was aware of the lawsuit from its inception. That would have been the time at which it could have properly raised the arguments it sought to raise after the fact. It also did not explain why it took seven months to file the section 2-1401 petition. Therefore,

---

[2]Matthews, AZM's principal agent, filed a *pro se* answer and appearance.

AZM cannot be said to have demonstrated diligence in raising a meritorious defense. See *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 222 (1986) (due diligence requires the section 2-1401 petitioner to have a reasonable excuse for failing to act within the appropriate time; specifically, the petitioner must show that its failure to respond appropriately to the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, and not negligently, when he failed to initially resist the judgment).

¶ 27    In sum, AZM's section 2-1401 petition fails to meet its burden under both a traditional section 2-1401 analysis and a subsection (f) analysis. Accordingly, we affirm the trial court's judgment denying AZM's section 2-1401 petition.

¶ 28                                        CONCLUSION

¶ 29    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 30    Affirmed.