2021 IL App (1st) 200221-U
Order filed: January 15, 2021

FIRST DISTRICT
FIFTH DIVISION

No. 1-20-0221

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER, AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, FOR JUDGMENT AND ORDER OF SALE AGAINST REAL ESTATE RETURNED DELINQUENT FOR THE NONPAYMENT OF GENERAL TAXES FOR THE YEAR 2012 | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County.<br><br>No. 17 COTD 1236<br><br>Honorable<br>James R. Carroll,<br>Judge, presiding. |
| (Arthington Properties LLC, | ) ) | |
|     Tax Deed Petitioner and Section 2-1401<br>    Respondent-Appellee | ) ) ) | |
| v. | ) ) | |
| Spitfire Ltd., n/k/a Spitfire Sans Ltd., | ) ) | |
|     Section 2-1401 Petitioner-Appellant). | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the award of summary judgment in favor of respondent on petition brought pursuant to section 2-1401 of the Code of Civil Procedure, where the order for deed entered by the circuit court and the tax deed issued to respondent were not void and petitioner did not exercise due diligence in presenting its defenses.

¶ 2    After an order for deed was entered and a tax deed issued to appellee, Arthington Properties

LLC (Arthington), appellant, Spitfire Ltd., n/k/a Spitfire Sans Ltd. (Spitfire), filed a petition to

vacate that order and deed, pursuant to section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401) (West 2018)) and section 22-45 of the Property Tax Act (Tax Code) (35 ILCS 200/22-45 (West 2018). The parties filed cross-motions for summary judgment on the petition to vacate, and the circuit court ultimately granted Arthington's motion, denied Spitfire's motion, and denied the section 2-1401 petition. Spitfire has appealed, and for the following reasons we affirm.[1]

¶ 3    The underlying matter involved a property located on South St. Lawrence Avenue in Chicago, Illinois. After the 2012 property taxes for the property were not paid, Arthington's predecessor in interest, US Bank, as custodian for Tower DBW IV (US Bank), purchased the property at a tax sale in August 2014. US Bank filed a petition for a tax deed in February 2017. The time for redemption, as extended, was set for June 28, 2017. The property was not redeemed prior to that date.

¶ 4    On December 12, 2017, an order was entered substituting Arthington for US Bank as the tax-deed petitioner in this matter. Two days later, after a prove-up hearing, an order for deed was entered and a tax deed for the property was issued to Arthington. An order of possession was entered in favor of Arthington in March 2018, which was ultimately stayed until May 2018. It is undisputed that while over a dozen other parties were named as an owner, occupant or other interested party in the pleadings filed by Arthington in the underlying matter, Spitfire was not. Nor was Spitfire provided with the various notices such an owner, occupant or other interested party

----

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

should have received in the tax-deed proceeding, pursuant to the Tax Code. See 35 ILCS 200/22-10 to 22-30 (West 2018).

¶ 5    On July 9, 2018, Spitfire filed a verified petition to vacate the order for deed and tax deed entered on December 14, 2017, pursuant to section 2-1401 of the Civil Code and section 22-45 of the Tax Code. In count I thereof, Spitfire contended that it was the actual record owner of the property and that Arthington's failure to complete a diligent search of the relevant public records resulted in Spitfire not being provided with the statutorily-required notices. Spitfire concluded that this failure to complete a diligent inquiry and to provide it with proper notice of the proceedings: (1) deprived the circuit court of personal jurisdiction over Spitfire, (2) violated Spitfire's due process rights, (3) violated section 22-45(4) of the Tax Code, and (4) rendered the order for deed and the tax deed void. In count II, Spitfire made similar factual claims, added the assertion that Arthington "misrepresented to the Court that it had complied with every notice requirement necessary to obtain the tax deed," and concluded that this misrepresentation constituted a fraud upon the court, thus rendering the order for deed and the tax deed void. Notably, it was only in count II that Spitfire alleged that the failure to provide it with proper notice "prevented it from exercising due diligence in the underlying action," and that it was only once it became aware that a tax deed was issued that it reviewed the court file in this matter and "immediately began the process of researching and preparing this petition."

¶ 6    Thereafter, the parties extensively litigated Spitfire's petition. In late 2019, the parties filed cross-motions for summary judgment with respect to the petition.

¶ 7    In its motion, Arthington asserted that considering the admissions and documents previously produced in the proceedings, it was undisputed that Spitfire had actually learned of the tax-deed proceeding with respect to the property in March 2017, well before the time for

redemption expired or the order for deed and the tax deed were issued. Despite this, Spitfire failed to take any action to appear in the underlying proceeding or present any defenses prior to the entry of the order for deed and the issuance of the tax deed. Arthington ultimately asserted that Spitfire's actual knowledge of the underlying proceeding and its failure to timely present its defenses left it unable to satisfy the requirement for due diligence in presenting its defense in the underlying proceeding, such that the section 2-1401 petition should be denied.

¶ 8     In its cross-motion for summary judgment and response to Arthington's motion, Spitfire acknowledged that it had first learned of the underlying proceeding in March 2017. Specifically, in an attached affidavit, Benitta Berke—Spitfire's president and an attorney—averred that in March 2017 she ordered a tax search on the property revealing the tax sale, obtained an estimate of redemption, and learned that the underlying proceeding had been initiated. She then inspected the court file in the underlying matter three times between March and May 2017. Berke acknowledged that the reason for her "repeated inspections of the Court file was to find a defect in the Notices and be able to file an Objection to the issuance of an Order." However, because no notices were included in the file at the time of her inspections, Berke concluded that no notices had in fact been filed, Arthington had failed to comply with the statutory requirements for notice, and she therefore believed that "the tax petition would be dismissed." It was only after learning that a tax deed had been issued that Berke "immediately" began preparing Spitfire's section 2-1401 petition.

¶ 9     On the merits, Spitfire reasserted the arguments contained in its section 2-1401 petition, that Arthington's failure to complete a diligent inquiry and to provide it with proper notice of the proceedings: (1) deprived the circuit court of personal jurisdiction over Spitfire, (2) violated Spitfire's due process rights, (3) violated section 22-45(4) of the Tax Code, and (4) rendered the

order for deed and the tax deed void. In response to Arthington's motion, Spitfire contended that because it was challenging an order for deed and tax deed that were void, it did not have to show due diligence in presenting its defenses in the underlying proceeding. At the very least, Spitfire argued that the question of its due diligence remained an issue of fact, thus precluding summary judgment in favor of Arthington.

¶ 10    Arthington responded to these arguments by asserting: (1) the underlying matter constituted an *in rem* proceeding, with respect to which personal jurisdiction over Spitfire was unnecessary, (2) there could be no due process violation where Spitfire acknowledged it had actual knowledge of this matter before the time for redemption expired or the order for deed and the tax deed was issued, and (3) the order and deed Spitfire challenged were at most voidable, such that Spitfire still needed to satisfy the due diligence requirements for a section 2-1401 petition, which it could not in light of its own admissions.

¶ 11    A hearing on the cross-motions was held on December 19, 2019. For purposes of the motions, at the hearing the parties did not dispute that: (1) Spitfire was the record owner of the property, (2) Arthington did not provide Spitfire with the notices an owner of the property should have received prior to the issuance of the order for deed and tax deed, and (3) Spitfire first learned of this proceeding in March 2017.

¶ 12    Following that hearing, the circuit court entered an order in which it granted Arthington's motion, denied Spitfire's motion, and denied the section 2-1401 petition with prejudice. Spitfire timely appealed.

¶ 13    We begin by addressing two preliminary issues. First, Spitfire was not actually a party to the underlying tax-deed proceeding, and the general rule in Illinois is that a nonparty to a judgment has no standing to seek relief from that judgment by filing a section 2-1401 petition. *In re*

*Application for Tax Deed*, 2018 IL App (5th) 170354, ¶ 48. However, there is a well-recognized exception to the general rule for nonparties that were "injured by the judgment and will derive benefit from its reversal." *Id.* With respect to Spitfire, that exception clearly applies here.

¶ 14    Second, while count II of Spitfire's section 2-1401 petition alleged fraud, Spitfire's appellate briefs are completely bereft of any argument with respect to that contention. The sole reference to that claim is a single sentence in Spitfire's opening brief, in which it claims that Arthington's actions in the underlying proceeding constituted "a fraud upon the trial court for its failure to properly identify the owner of the property." However, "mere contentions, without argument or citation of authority, do not merit consideration on appeal." *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 401 Ill. App. 3d 868, 881 (2010). As such, we will not further consider the assertion of fraud on the part of Arthington in the underlying proceeding, as pleaded in count II of the section 2-1401 petition, and turn now to the remaining issues properly before this court.

¶ 15    Summary judgment is properly granted where the pleadings, depositions, and admissions on file, together with any affidavits, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2018). The purpose of summary judgment is not to answer a question of fact, but to determine whether one exists. *Ballog v. City of Chicago*, 2012 IL App (1st) 112429, ¶ 18. When parties file cross-motions for summary judgment, they agree that no factual issues exist and that the disposition of the case turns on the circuit court's resolution of purely legal issues. *Maryland Casualty Co. v. Dough Management Co.*, 2015 IL App (1st) 141520, ¶ 45. Although a drastic means of disposing of litigation, summary judgment is, nonetheless, an appropriate measure to expeditiously dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City*

*of Danville*, 393 Ill. App. 3d 591, 601 (2009). We review the grant of summary judgment *de novo*.

*Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 23.

¶ 16     The proceedings leading to the issuance of the order for deed and the tax deed in this matter

were governed by Article 22 of the Tax Code. 35 ILCS 200/22-5, *et seq*. (West 2018). As noted

above, the Tax Code requires that various notices be sent to an owner, occupant, or other interested

party prior to the issuance of an order for deed and tax deed. 35 ILCS 200/22-10 to 22-30 (West

2018). The order for deed and the tax deed at issue in this matter were issued pursuant to section

22-40 of the Tax Code. 35 ILCS 200/22-40 (West 2018). Section 22-45 of the Tax Code

specifically provides:

> "Tax deeds issued under Section 22-40 are incontestable except by appeal from the
>
> order of the court directing the county clerk to issue the tax deed. However, relief from
>
> such order may be had under Sections 2-1203 or 2-1401 of the Code of Civil Procedure in
>
> the same manner and to the same extent as may be had under those Sections with respect
>
> to final orders and judgments in other proceedings. The grounds for relief under Section 2-
>
> 1401 shall be limited to:
>
> (1) proof that the taxes were paid prior to sale;
>
> (2) proof that the property was exempt from taxation;
>
> (3) proof by clear and convincing evidence that the tax deed had been procured by
>
> fraud or deception by the tax purchaser or his or her assignee; or
>
> (4) proof by a person or party holding a recorded ownership or other recorded
>
> interest in the property that he or she was not named as a party in the publication
>
> notice as set forth in Section 22-20, and that the tax purchaser or his or her assignee
>
> did not make a diligent inquiry and effort to serve that person or party with the

notices required by Sections 22-10 through 22-30." 35 ILCS 200/22-45 (West 2018).

¶ 17    Section 2-1401 of the Civil Code provides a statutory procedure whereby, under certain conditions, trial courts may vacate or modify a final judgment more than 30 days after the judgment has been entered. 735 ILCS 5/2-1401 (West 2018); Under a traditional section 2-1401 analysis, to be entitled to relief from a final judgment the petition must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Id*. ¶ 37. Ultimately, a petitioner bears the burden under section 2-1401 of establishing its right to relief. *U.S. Bank, National Association as Trustee for Credit Suisse Boston CSFB 2005-11 v. Laskowski*, 2019 IL App (1st) 181627, ¶ 15. The "quantum of proof necessary to sustain [the] petition is a preponderance of the evidence." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 51.

¶ 18    The question of whether relief should be granted generally lies within the sound discretion of the trial court, and a reviewing court will generally reverse the trial court's ruling only if it constitutes an abuse of discretion. *Stolfo v. KinderCare Learning Centers, Inc*., 2016 IL App (1st) 142396, ¶ 22. However, when a court enters either summary judgment or a dismissal in a section 2–1401 proceeding, that order will be reviewed *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 9-18 (2007).

¶ 19    A section 2-1401 petition is exempt from establishing the traditional elements, however, if it seeks to vacate a void judgment pursuant to subsection (f), which provides: "Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2018); *Sarkissian v. Chicago*

*Board of Education*, 201 Ill. 2d 95, 104 (2002). When a section 2-1401 petition presents a "purely legal challenge to a judgment," such as a claim that the underlying judgment is void, the standard of review is *de novo*. (Internal quotation marks omitted.) *Id.*

¶ 20    On appeal, Spitfire initially asserts the circuit court improperly denied its motion for summary judgment because Arthington's failure to complete a diligent investigation and to provide it with proper notice in the underlying proceedings deprived the circuit court of personal jurisdiction over Spitfire, violated Spitfire's due process rights, and violated section 22-45(4) of the Tax Code, thus rendering the order for deed and the tax deed void and excusing Spitfire from pleading and proving due diligence in presenting these defenses in the original action. We disagree.

¶ 21    We begin by addressing the interplay between section 2-1401 of the Civil Code and section 22-45 of the Tax Code, as the parties have disputed whether—and to what extent—section 2-1401's due-diligence requirements apply here. The rules applicable to this task are well-established and were outlined in *Hendricks v. Board of Trustees of the Police Pension Fund*, 2015 IL App (3d) 140858, ¶ 14:

> "The fundamental rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. [Citation.] The most reliable indicator of that intent is the language of the statute itself. [Citation.] In determining the plain meaning of statutory language, a court will consider the statute in its entirety, the subject the statute addresses, and the apparent intent of the legislature in enacting the statute. [Citations.] If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory interpretation. [Citation.] A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent."

We review questions of statutory construction *de novo*. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 267 (2003).

¶ 22    Again, section 22-45 of the Tax Code specifically permits a challenge to an order for deed under section 2-1401 of the Civil Code, and generally provides that "relief from such order may be had under Sections 2-1203 or 2-1401 of the Code of Civil Procedure in the *same manner and to the same extent* as may be had under those Sections with respect to final orders and judgments in other proceedings." (Emphasis added.) 35 ILCS 200/22-45 (West 2018). In addition, as we discussed above (*supra* ¶¶ 17-19), unless a section 2-1401 petitioner seeks to vacate a void judgment, it is well-recognized that a petitioner must plead and prove three traditional elements, which include establishing due diligence in presenting the defense or claim to the circuit court in the original action. *Id*.

¶ 23    We therefore conclude that the plain language of section 22-45 of the Tax Code generally incorporates the due-diligence requirements of section 2-1401 into a challenge to an order for deed, at least with respect to a petition not raising an assertion of voidness. To read section 22-45 of the Tax Code in any other way would ignore the language contained therein specifying that relief is only available "in the same manner and to the same extent" as is permitted under section 2-1401, and would require us to "depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent." *Hendricks*, 2015 IL App (3d) 140858, ¶ 14; see also, *In re County Collector*, 2016 IL App (3d) 150712, ¶ 19 (concluding that because the tax deed at issue there was at most voidable, rather than void, the petitioner was required to comply with the traditional due-diligence requirements for setting aside a nonvoid order under section 2–1401).

¶ 24    While section 22-45 of the Tax Code generally incorporates the requirements of section 2-

1401 into a challenge to an order for deed, it also clearly modifies the general applicability of section 2-1401 to tax-deed proceedings by specifically limiting the available grounds for collateral relief to those identified in subsections (1) through (4). 35 ILCS 200/22-45 (West 2018). Our supreme court has made it clear that the limitations contained in subsections (1) through (4) of section 22-45 should be carefully adhered to, as they represent "the careful balance the legislature has crafted between the competing policies of allowing collateral review in limited circumstances on the one hand and of honoring the finality and marketability of tax deeds on the other hand." *DG Enterprises, LLC-Will Tax, LLC v. Cornelius*, 2015 IL 118975, ¶ 32; see also, *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 429 (2010) ("The legislature intended a tax deed, once it is issued, to be virtually incontestable except by direct appeal. The legislature's intent was to provide a tax buyer with a new and independent title, free and clear from all previous titles and claims of every kind, and assurance to the tax buyer that his title and rights to the property would be unimpaired.").

¶ 25    Importantly, nothing in the text of those subsections *specifically* authorizes a petition to vacate a void order for deed or a tax deed, pursuant to section 2-1401(f). 35 ILCS 200/22-45 (West 2018). As such, it would arguably run afoul of both the plain language of section 22-45 and the careful balance of interests crafted by the legislature to allow a voidness challenge to an order for deed pursuant to section 2-1401(f).

¶ 26    However, it is a longstanding rule in Illinois that a void judgment, order, or decree may be attacked at any time or in any court, either directly or collaterally, and such challenges to void judgments are not subject to forfeiture or other procedural restraints. *In re N.G.*, 2018 IL 121939, ¶ 43. Furthermore, nowhere in the Civil Code other than section 2-1401(f) "does the legislature make provision for the filing of a motion to challenge a judgment on voidness grounds." *Sarkissian*, 201 Ill. 2d at 105.

¶ 27    We additionally note prior decisions that have entertained challenges to tax-deed orders contained in petitions brought pursuant to section 2-1401(f). *In re Application for Tax Deed (Castleman)*, 2018 IL App (5th) 170354, ¶ 23; *In re Application of Will County Collector*, 2018 IL App (3d) 160659, ¶ 21; *In re County Treasurer*, 2012 IL App (1st) 101976 ¶ 31; *Devon Bank*, 397 Ill. App. 3d at 537. Finally, neither party here contends such a challenge is improper.

¶ 28    As such, we conclude that the plain language of section 22-45 of the Tax Code generally incorporates all the requirements of section 2-1401 into any challenge to a tax deed, subject only to the limitations on the permissible grounds for relief contained in subsections (1) to (4) thereof. It is therefore only where a petition seeks to vacate a *void* order for deed, pursuant to section 2-1401(f), that it will be exempt from pleading and proving the traditional elements for relief, including the requirement for due diligence in presenting a defense or claim to the circuit court in the original action. 735 ILCS 5/2-1401(f) (West 2018); *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

¶ 29    Turning now to Spitfire's personal jurisdiction argument, we note that "[o]nly the most fundamental defects warrant declaring a judgment void." *Askew Ins. Group, LLC v. AZM Group, Inc.*, 2020 IL App (1st) 190179, ¶ 23. "[W]hether a judgment is void or voidable presents a question of jurisdiction. [Citation.] 'If jurisdiction is lacking, any subsequent judgment of the court is rendered void and may be attacked collaterally.' [Citation.] A voidable judgment, on the other hand, is an erroneous judgment entered by a court that possesses jurisdiction." *Id*. ¶ 27.

¶ 30    "It is black letter law that the alternative to personal jurisdiction is *in rem* jurisdiction or *quasi in rem* jurisdiction. [Citation.] This form of jurisdiction is concerned with the relationship between the defendant and the state with respect to specific property. [Citation.] *In rem* or *quasi in rem* proceedings do not require personal service of process." *Smith v. Hammel*, 2014 IL App

(5th) 130227, ¶ 14.

¶ 31    With respect to the underlying tax-deed proceedings at issue here, our supreme court has clearly stated:

> "An order is rendered void not by error or impropriety but by lack of jurisdiction by the issuing court. [Citation.] This court has repeatedly held that a tax-sale proceeding is *in rem* and the court acquires jurisdiction over the land when the county collector makes his application for judgment and order for sale. [Citations.] Once acquired, the court retains its jurisdiction to make all necessary findings and enter all necessary orders supplemental to the original tax sale." *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 165 (1983).

¶ 32    In light of the above authority, we reject Spitfire's assertion that the order for deed or the tax deed were void for lack of personal jurisdiction, due to the failure to provide it with the statutorily-mandated notices. It is undisputed that the circuit court had *in rem* jurisdiction with respect to the underlying proceeding. Under such circumstances, personal jurisdiction over Spitfire was not required with respect to the underlying *in rem* proceeding, and any failure to provide Spitfire with proper notice did not render the order for deed or the tax deed void for lack of jurisdiction. *Castleman*, 2018 IL App (5th) 170354, ¶ 26 (same).

¶ 33    We come to a similar conclusion with respect to Spitfire's contention that the lack of the statutorily-mandated notices deprived it of its due process rights, such that the order for deed or the tax deed were rendered void.

¶ 34    The federal and Illinois Constitutions protect persons from state governmental deprivations of life, liberty, or property without due process of law. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2. "Due process is a flexible concept, whose requirements depend on the government action

at issue and the private interest implicated by that action." *Grimm v. Calica*, 2017 IL 120105, ¶ 21. In general, however, "[d]ue process entails an orderly proceeding wherein a person is served with notice, and has an opportunity to be heard and to present his or her objections at a meaningful time and in a meaningful manner, in a hearing appropriate to the nature of the case." *Village of Vernon Hills v. Heelan*, 2015 IL 118170, ¶ 31.

¶ 35     With respect to the underlying proceedings at issue here, the requirement for due process is thus achieved, in part, by providing interested parties the notices required by the Tax Code. See 35 ILCS 200/22-10 to 22-30 (West 2018). Of course, it is undisputed that Spitfire was never provided those statutory notices. However, it has been recognized that no due process violation occurs where, despite a failure to provide formal notice, a party nevertheless obtains actual knowledge of a proceeding within sufficient time to take advantage of an available opportunity to be heard and to present his or her objections. See *People ex rel. Kelly v. Sixteen Thousand Five Hundred Dollars ($16,500) U.S. Currency*, 2014 IL App (5th) 130075, ¶ 29 (collecting cases).

¶ 36     Here, is it undisputed that Berke, Spitfire's president and an attorney, ordered a tax search on the property revealing the tax sale, obtained an estimate of redemption, and learned that the underlying proceeding had been initiated in March 2017. She then inspected the court file in the underlying matter three times between March and May 2017, in an effort to "find a defect in the Notices and be able to file an Objection to the issuance of an Order." Because no notices were included in the file upon her multiple inspections, Berke concluded that no notices had in fact been filed, Arthington had failed to comply with the statutory requirements for notice, and "the tax petition would be dismissed." All of this occurred before the time for redemption expired in June 2017, and well before the order for deed and tax deed were issued in December of that year.

¶ 37    Thus, it is undisputed that Spitfire had actual knowledge of the underlying proceeding, actual knowledge of the very notice defect it later raised in its section 2-1401 petition, knew that it could file an objection on that basis in the underlying proceeding, and obtained this knowledge within sufficient time to take advantage of an available opportunity to either redeem the delinquent taxes or be heard and to present its objections in the underlying proceeding. Under these specific, undisputed circumstances, we find that although the statutorily-mandated notice requirement was not followed with respect to Spitfire in the underlying proceeding, the order for deed or the tax deed were not rendered void on due process grounds.

¶ 38    In so resolving Spitfire's jurisdictional and due process arguments, we necessarily reject its reliance upon this court's decision in *In re County Collector*, 397 Ill. App. 3d 535 (2009) *(Devon Bank)*. There, the court reversed the denial of a section 2-1401 petition challenging a tax deed where the record owner of the property "received no notice whatsoever, by publication or otherwise, of the tax sale, expiration of the redemption period, or tax-deed proceedings." *Id*. at 544. Considering this "total lack of notice," the *Devon Bank* decision concluded that the circuit court never obtained personal jurisdiction over the record owner, the record owner's due process rights were violated, and therefore the tax deed was rendered "void." *Id*. at 546-48.

¶ 39    We initially note that *Devon Bank*'s conclusion, that a lack of notice in a tax-deed proceeding can result in a lack of personal jurisdiction and due process such that a tax deed is rendered void, has received some criticism. *Castleman*, 2018 IL App (5th) 170354, ¶¶ 31-32 (finding that *Devon Bank* should be limited to its facts and should not be read to overrule our supreme court's conclusion in *Vulcan* that tax-deed proceedings are *in rem*). That aside, even accepting that the court reached the proper result in *Devon Bank*, this matter is clearly distinguishable. Contrary to a situation where there was a *total* lack of notice of the tax-deed

proceeding, by publication or otherwise, here it is undisputed that Spitfire had actual knowledge of the underlying proceeding and actual knowledge of the very notice defect at issue here within sufficient time to take advantage of an available opportunity to either redeem the delinquent taxes or be heard and to present its objections in the underlying proceeding. Under such circumstances, we find *Devon Bank* to be inapplicable.

¶ 40    Spitfire's final argument in support of its motion for summary judgment is that Arthington's violation of section 22-45(4) of the Tax Code rendered the order for deed and the tax deed issued in the underlying proceeding void. However, while that section clearly provides a basis to challenge an order for deed, Spitfire's only authority for the proposition that a violation of section 22-45(4) would render such an order *void* is *Devon Bank*, 397 Ill. App. 3d at 544, where the court concluded that section 22-45(4) "along with section 2–1401(f), effectively codifies the procedure for collaterally attacking a tax deed on the basis that it is void due to lack of any notice whatsoever."

¶ 41    We initially note that there is specific countervailing authority to this proposition (*Castleman*, 2018 IL App (5th) 170354, ¶ 31), and that, to the extent that the analysis in *Devon Bank* rests upon a due-process violation resulting from "a lack of any notice whatsoever," we find it distinguishable from the situation presented here.

¶ 42    More generally, we reiterate that "[o]nly the most fundamental defects warrant declaring a judgment void." *Askew*, 2020 IL App (1st) 190179, ¶ 23. "A void judgment is one entered by a court without jurisdiction. In a civil lawsuit that does not involve an administrative tribunal or administrative review, jurisdiction consists solely of subject matter or personal jurisdiction." *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 39. Here, there is no dispute that the circuit court had subject matter jurisdiction, *in rem* jurisdiction over the property, and—for the reasons discussed

above—personal jurisdiction over Spitfire was not required. "Generally, once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired." *People v. Davis*, 156 Ill. 2d 149, 156 (1993). Thus, while Arthington may have violated section 22-45(4) such that the order for deed was subject to collateral attack in a section 2-1401 petition, any such statutory violation rendered that order, at most, voidable.

¶ 43    With respect to Spitfire's motion for summary judgment, therefore, we conclude that none of the three challenges raised would render the order for deed and tax deed issued to Arthington void. Moreover, because all of Spitfire's arguments were predicated on the assertion of voidness, neither the section 2-1401 petition itself nor Spitfire's motion for summary judgment made any attempt to plead or prove Spitfire's due diligence. To the extent that Spitfire's section 2–1401 petition and its motion for summary judgment erroneously relied on a voidness argument to excuse its failure to allege and prove diligence, that error was fatal. *People v. Glowacki*, 404 Ill. App. 3d 169, 173 (2010). We therefore affirm the circuit court's denial of Spitfire's motion for summary judgment.

¶ 44    Turning to its challenge to Arthington's successful motion for summary judgment, Spitfire initially contends that it was improperly granted because the motion was predicated upon Spitfire's failure to satisfy the requirement for due diligence in presenting its defenses in the underlying proceeding. Because this argument is itself predicated upon the contention that Spitfire's challenges rendered the order for deed and tax deed issued to Arthington void—an argument we have already rejected above—we necessarily disagree with this assertion.

¶ 45    All that remains, then, is to address Spitfire's last remaining argument; *i.e.*, that the question of its due diligence remains an issue of fact, thus precluding summary judgment in favor of Arthington. We disagree.

¶ 46    Summary judgment is properly granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2018); *Gaston*, 393 Ill. App. 3d at 601). Once again, it is undisputed that Spitfire had actual knowledge of the underlying proceeding, actual knowledge of the very notice defect it later raised in its section 2-1401 petition, knew that it could file an objection on that basis in the underlying proceeding, and obtained this knowledge within sufficient time to take advantage of an available opportunity to either redeem the delinquent taxes or be heard and to present its objections in the underlying proceeding. Nevertheless, Spitfire instead made the informed and intentional decision to take no further action in the underlying proceeding, under the mistaken belief that "the tax petition would be dismissed."

¶ 47    As our supreme court has recognized, section 2–1401 "is not intended to relieve a litigant of the consequences of his own mistake or negligence." *Warren*, 2015 IL 117783, ¶ 38. As such, a section 2-1401 petitioner is required "to show that the failure to defend against the lawsuit was the result of an excusable mistake and that the petitioner acted reasonably under the circumstances and was not negligent. *Id*. Considering the undisputed facts presented in this matter, we conclude that Spitfire cannot make this showing as a matter of law, and Arthington's motion for summary judgment was therefore properly granted.

¶ 48    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 49    Affirmed.