2023 IL App (1st) 220452-U

THIRD DIVISION
March 22, 2023

No. 1-22-0452

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| *In re* PARENTAGE OF G.F. AND L.F., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (Sandra Szeremeta, | ) | Cook County |
|     Petitioner-Appellee, | ) | |
| | ) | No. 15 D 79985 |
| v. | ) | |
| | ) | Honorable |
| Jeffrey Foster, | ) | Myron Mackoff, |
|     Respondent-Appellant). | ) | Judge Presiding. |

_____

        JUSTICE REYES delivered the judgment of the court.
        Presiding Justice McBride and Justice Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming an order of the circuit court of Cook County denying a section 2-1401 petition to vacate an agreed order regarding parenting time and related matters.

¶ 2    An agreed order signed by Jeffrey Foster (Jeffrey) and his former girlfriend Sandra Szeremeta (Sandra) provided, in part, that his parenting time as to their two minor children was restricted until his completion of therapy. Approximately one year later, Jeffrey filed a petition to vacate the order pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)), which was denied. On appeal, he contends that (a) the circuit court erred in denying his section 2-1401 petition on *res judicata* grounds and (b) the order violated certain statutory requirements and was thus void. For the reasons discussed below, we affirm.

¶ 3                                        BACKGROUND

¶ 4      After their dating relationship ended, Sandra filed a complaint against Jeffrey in 2015 in the circuit court of Cook County under the Illinois Parentage Act of 1984 (750 ILCS 45/1 *et seq.* (West 2014)). Jeffrey voluntarily acknowledged paternity of their two children: G.F. (born in 2007) and L.F. (born in 2009).[1] Sandra and Jeffrey subsequently filed cross-petitions regarding child support, parenting time, and other issues; a trial was scheduled for August 26 and 28, 2020.

¶ 5      On August 19, 2020, Sandra filed an emergency motion requesting that Jeffrey's parenting time be supervised and seeking *in camera* review of documents which allegedly evidenced Jeffrey's efforts to alienate the children from Sandra. The motion referenced section 603.10 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/603.10 (West 2020)), which provides for the restriction of decision-making responsibilities and/or parenting time due to a parent's conduct.[2] The circuit court granted the emergency motion and temporarily restricted Jeffrey's parenting time until further order of the court.

¶ 6      On August 28, 2020, the circuit court entered an order captioned "Agreed Final Order – Judgment" (the agreed order). The agreed order – signed by the circuit court judge, Jeffrey, and Sandra – provided, in part, that: (a) Jeffrey's parenting time was restricted until "completion of the therapeutic process" and until further order of the court, and he was not allowed to have contact with the children "except under the auspices" of their therapists; (b) after his completion of therapy to the court's satisfaction, Jeffrey's parenting time would be revisited subject to the recommendations of the therapists; (c) Jeffrey would undergo a mental evaluation pursuant to

---

[1] Although the circuit court case caption solely referenced Sandra and Jeffrey, we have corrected the case caption in this order to reflect that the parentage action involved minors G.F. and L.F.
[2] Pursuant to section 802 of the Illinois Parentage Act of 2015 (750 ILCS 46/802 (West 2020)), certain provisions of the Act apply to determinations within a parentage action.

Illinois Supreme Court Rule 215 (eff. Jan. 1, 2018); and (d) the children would undergo a "deprogramming/inoculation process to address the parental alienation caused by Jeffrey." Jeffrey was ordered to pay for the evaluation and therapies, and both parties waived section 607.6 of the Act "to the extent of submitting the therapists['] recommendations for the parties." Section 607.6 authorizes the court to order counseling under specified circumstances; the version then in effect (750 ILCS 5/607.6 (West 2020)) provided that counseling sessions "shall be confidential" and that communications made during counseling could not be used in litigation.

¶ 7      The circuit court also entered an order on August 28, 2020, directing Jeffrey to pay certain attorney fees. Although Jeffrey filed a motion to reconsider the attorney fee order, the motion did not challenge the agreed order entered on the same date. The circuit court denied the motion to reconsider, and Jeffrey's subsequent appeal was dismissed for want of prosecution.

¶ 8      On August 19, 2021, Jeffrey filed a petition to vacate the agreed order pursuant to section 2-1401 of the Code. Jeffrey argued that certain provisions of the agreed order violated the Act, *e.g.*, the parties' waiver of confidentiality under section 607.6. He further maintained he was not required to demonstrate "due diligence" as the agreed order was void. In her response and affirmative defenses, Sandra noted that Jeffrey was represented by counsel when the agreed order was entered and that he had refused to participate in therapy.

¶ 9      After arguments, the circuit court entered an order on November 9, 2021, denying the section 2-1401 petition due to *res judicata*. In its oral remarks, the circuit court opined that "these issues could have been raised in the motion to reconsider," *i.e.*, the motion to reconsider the attorney fee order. Jeffrey subsequently filed a motion to reconsider the denial of the section 2-1401 petition, which the circuit court denied. Jeffrey then filed this timely appeal.

¶ 10                                    ANALYSIS

¶ 11    Jeffrey advances two primary arguments on appeal.  First, he contends that the circuit court "violated black letter law" when it denied his section 2-1401 petition based on *res judicata*. Second, he asserts that the agreed order is void as it violated section 607.6(d) of the Act and failed to include certain necessary findings to restrict parenting time under section 603.10(a) of the Act.  Prior to considering these arguments, we address certain preliminary issues.

¶ 12                                *Preliminary Issues*

¶ 13    As an initial matter, we note that our jurisdiction is based on Illinois Supreme Court Rule 304(b)(3), which provides that "an order granting or denying any of the relief prayed in a petition under section 2-1401" of the Code is appealable without a special finding under Rule 304(a).  Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016).

¶ 14    We also observe that this appeal is designated as "accelerated" pursuant to Illinois Supreme Court Rule 311(a), as it involves the allocation of parental responsibilities.  Ill. S. Ct. R. 311(a) (eff. July 1, 2018).  Rule 311(a)(5) provides that "[e]xcept for good cause shown, the appellate court shall issue its decision within 150 days after the filing of the notice of appeal." Ill. S. Ct. R. 311(a)(5) (eff. July 1, 2018).  While the 150-day period to issue our decision has expired, we note that we granted Jeffrey's request for an extension of time to file his brief, and we entered a *sua sponte* order which effectively provided Sandra with additional time to file an appellee brief or to provide a status report thereon.  Under these circumstances, we find good cause for issuing our decision after the 150-day deadline.  *E.g.*, *In re B'Yata I.*, 2013 IL App (2d) 130558*, ¶ 26.

¶ 15    We further note that – despite our *sua sponte* order – Sandra did not file an appellee brief or a status report.  We thus entered an order taking this case on Jeffrey's brief and the record

only. As the relevant portions of the record are short and the issues are straightforward, we will decide the merits pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). See also *In re Marriage of Nau*, 355 Ill. App. 3d 1081, 1084 (2005).

¶ 16                            *Denial of Section 2-1401 Petition – Res Judicata*

¶ 17     Jeffrey's section 2-1401 petition challenged the agreed order on the basis that it was void. The circuit court did not address the voidness argument, but instead denied the petition and the subsequent motion for reconsideration on *res judicata* grounds, *i.e.*, that Jeffrey could have raised his arguments in his prior challenge to the attorney fee order which was entered on the same date as the agreed order.

¶ 18     The doctrine of *res judicata* "establishes that a final judgment settles not only the issues actually litigated in a proceeding, but also any issues that could have been litigated in the proceeding." *Allcock v. Allcock*, 107 Ill. App. 3d 150, 153 (1982). The key elements of *res judicata* are (1) a final judgment on the merits, (2) an identity of the parties or their privies, and (3) an identity of causes of action. *Tebbens v. Levin & Conde*, 2018 IL App (1st) 170777, ¶ 24. The doctrine of *res judicata* "encourage[s] judicial economy by preventing a multiplicity of lawsuits between the same parties where the facts and issues are the same." *Id.* ¶ 23.

¶ 19     Jeffrey contends the circuit court erred in denying the section 2-1401 petition based on *res judicata*, as the doctrine does not apply where the challenged order is void. He thus contends that the circuit court's denial of the petition should be reversed. As discussed further below, we reject his contention that reversal is required.

¶ 20     Section 2-1401 of the Code "represents a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31.

"Proceedings under section 2-1401, though filed in the same case in which the judgment was entered, are considered an independent and separate action and not a continuation of the underlying litigation." *PNC Bank, National Ass'n v. Kusmierz*, 2022 IL 126606, ¶ 15. A petition under section 2-1401 generally must be filed more than 30 days but not more than 2 years after the entry of the judgment, and the petition must allege: (1) due diligence in presenting the claim or defense; (2) due diligence in filing the petition; and (3) a meritorious defense. *Id.*

¶ 21    Jeffrey has asserted, however, that he was not required to satisfy the foregoing traditional requirements, as he challenged the agreed order based on voidness. Section 2-1401(f) provides, in part, that "[n]othing contained in this Section affects any existing right to relief from a void order or judgment." 735 ILCS 5/2-1401(f) (West 2020). Illinois courts have consistently recognized that section 2-1401 petitions based on voidness grounds need not allege a meritorious defense and due diligence and may be filed outside of the two-year limitations period. *E.g.*, *PNC Bank*, 2022 IL 126606, ¶ 15. See also *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38 (noting that "[u]nder Illinois law, a party may challenge a judgment as being void at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints").

¶ 22    A section 2-1401 petition may present a factual or a legal challenge to a final judgment or order. *Warren County*, 2015 IL 117783, ¶ 31. The nature of the challenge is critical "because it dictates the proper standard of review on appeal." *Id.* A section 2-1401 petition seeking to vacate a void judgment – like the petition at issue herein – raises a purely legal issue. *Id.* ¶ 47. When a section 2-1401 petition presents a purely legal challenge to a judgment, our standard of review is *de novo*. *Askew Insurance Group v. AZM Group, Inc.*, 2020 IL App (1st) 190179, ¶ 21.

Accord *Stolfo v. KinderCare Learning Centers, Inc.*, 2016 IL App (1st) 142396, ¶ 22 (noting that

a *de novo* standard applies where the section 2-1401 petition claims that an earlier judgment was

void). See also *Warren County*, 2015 IL 117783, ¶ 47 (stating that "[e]quitable considerations

are inapplicable when a section 2-1401 petition raises a purely legal issue because that type of

petition will not involve a factual dispute").

¶ 23    When conducting *de novo* review, an appellate court may rely on any grounds called for

by the record and is not bound by the circuit court's reasoning. *Makowski v. City of Naperville*,

249 Ill. App. 3d 110, 115 (1993). Even assuming *arguendo* that the circuit court in the instant

case made an analytical error by invoking the doctrine of *res judicata*, the issue on appeal is the

circuit court's judgment, not the reasoning it employed. *City of Chicago v. Holland*, 206 Ill. 2d

480, 491 (2003). "As a reviewing court, we can sustain the decision of the circuit court on any

grounds which are called for by the record regardless of whether the circuit court relied on the

grounds and regardless of whether the circuit court's reasoning was sound." *Id.* at 492. See also

*Askew Insurance Group*, 2020 IL App (1st) 190179, ¶ 22 (noting that it is "well settled that we

can affirm the trial court on any basis appearing in the record, whether or not the trial court relied

on that basis in reaching its decision"). As discussed below, we find that the record supports the

circuit court's denial of Jeffrey's section 2-1401 petition, which was based on the purported

voidness of the agreed order.

¶ 24                                  *Voidness Challenge*

¶ 25   Jeffrey contends that the agreed order is void on two grounds. First, he asserts that the

order violated a provision in the effective version of section 607.6 of the Act[3] which prohibited

---

[3] At the time of the agreed order, section 607.6 of the Act provided: "All counseling sessions shall be confidential. The communications in counseling shall not be used in any matter in litigation nor relied upon by any expert appointed by the court or retained by any party." 750 ILCS 5/607.6(d) (West 2020).

the use of communications made in counseling sessions "in any manner in litigation." 750 ILCS 5/607.6 (West 2020). According to Jeffrey, the circuit court "exceeded the power granted to it by the legislature" by ordering the disclosure and use of confidential communications. Second, he argues that the agreed order did not make necessary findings required under section 603.10 of the Act. 750 ILCS 5/603.10 (West 2020). Section 603.10 provides, in part, that "[a]fter a hearing, if the court finds by a preponderance of the evidence that a parent engaged in any conduct that seriously endangered the child's mental, moral, or physical health or that significantly impaired the child's emotional development, the court shall enter orders as necessary to protect the child." *Id.*

¶ 26     As a threshold matter, we note that the agreed order was consented to and signed by Jeffrey, who was represented by counsel. As an agreed order adopted by the court "is not an adjudication of the parties' rights but, rather, a record of their private, contractual agreement" (*In re Marriage of Watkins*, 2017 IL App (3d) 160645, ¶ 28), we are unmoved by Jeffrey's contentions regarding the adequacy of the agreed order at issue herein.

¶ 27     More significantly, the "voidness" arguments advanced by Jeffrey are unavailing. Our supreme court has held that "only the most fundamental defects, *i.e.*, a lack of personal jurisdiction or lack of subject matter jurisdiction as defined in [*Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002)], warrant declaring a judgment void." *LVNV Funding*, 2015 IL 116129, ¶ 38.[4] "[A] statutory requirement or prerequisite cannot be jurisdictional, since jurisdiction is conferred on the circuit courts by our state constitution." *Id.*

---

The section was amended effective August 13, 2021, to provide: "Counseling ordered under this Section is subject to the Mental Health and Developmental Disabilities Confidentiality Act and the federal Health Insurance Portability and Accountability Act of 1996." 750 ILCS 5/607.6(d) (West Supp. 2021).

[4] A second type of voidness challenge which is exempt from forfeiture "involves a challenge to a final judgment based on a facially unconstitutional statute that is void *ab initio*." *People v. Thompson*, 2015 IL 118151, ¶ 32. Jeffrey does not challenge the facial constitutionality of any statute.

¶ 34. See also *In re M.W.*, 232 Ill. 2d 408, 423 (2009) (noting that an error or irregularity in a proceeding "does not oust subject matter jurisdiction once it is acquired"). While we recognize that Jeffrey cites cases which support the proposition that a circuit court's failure to make statutory findings rendered its judgment void (*e.g.*, *In re Custody of Carter*, 137 Ill. App. 3d 439 (1985)), such cases simply do not reflect the current prevailing Illinois jurisprudence.

¶ 28    In sum, even assuming *arguendo* that the circuit court erred in the inclusion or exclusion of certain provisions in the agreed order, "[o]nly the absence of jurisdiction renders a circuit court's judgment void." *LVNV Funding*, 2015 IL 116129, ¶ 48. As there was no jurisdictional defect in the instant proceedings, the circuit court's denial of Jeffrey's section 2-1401 petition – which was based on voidness – did not constitute error.

¶ 29                          CONCLUSION

¶ 30    For the reasons discussed herein, the judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 31    Affirmed.