2016 IL App (1st) 142396

FIRST DIVISION
MARCH 14, 2016

1-14-2396

| | | |
|---|---|---|
| DENNIS JAMES STOLFO, | ) | Appeal from the |
|             Petitioner-Appellant, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | |
| KINDERCARE LEARNING CENTERS, INC.,a | ) | |
| Delaware Corporation, ARNETTA TERRY, JOHN | ) | No. 04 L 010942 |
| RANIERI and CHRISTINA YARCO, | ) | |
|             Respondents-Appellees | ) | |
| | ) | |
| (Mary Iacovetti, Plaintiff, and KinderCare Learning | ) | Honorable |
| Centers, Inc., a Delaware Corporation, Arnetta Terry, | ) | Sanjay Tailor, |
| John Ranieri and Christina Yarco, Defendants). | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioner-appellant Dennis James Stolfo, an attorney, appeals from the dismissal of his petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)), which sought to vacate a November 3, 2011 judgment of the trial court that imposed sanctions against Stolfo for pursuing frivolous claims in an underlying lawsuit against the respondents-appellees.   We conclude that dismissal of the section 2-1401 petition was proper under the doctrine of *res judicata*.   Moreover, as Stolfo has persisted in filing frivolous submissions in the trial court as well as in this court despite numerous warnings and sanctions, we also impose sanctions against him for prosecution of this current appeal.

¶ 2                                   BACKGROUND

¶ 3    This appeal is the latest of many attempts by Stolfo, an attorney, to avoid the effect of a November 2011 trial court order which imposed sanctions against him pursuant to Supreme

Court Rule 137. Those sanctions arose from Stolfo's representation of Mary Iacovetti (who is not a party to this appeal) in Iacovetti's lawsuit against the respondents-appellees herein, which include Iacovetti's former employer, KinderCare Learning Center, Inc. (KinderCare), and certain KinderCare employees, Arnetta Terry, John Ranieri, and Christina Yarco (collectively, the respondents). Iacovetti had been terminated from her position as a director of a KinderCare childcare center, based on incidents in which Iacovetti had allegedly failed to adequately monitor children in her care. Among other claims, Iacovetti's lawsuit against the respondents claimed defamation and false light, alleging that the respondents had falsely accused her of the incidents in question. However, deposition testimony, including Iacovetti's admissions, established that the incidents had, in fact, occurred. Thus, the respondents obtained summary judgment dismissing Iacovetti's lawsuit in May 2009.

¶ 4    Stolfo filed an appeal from the grant of summary judgment. Our court affirmed the trial court on September 15, 2011, in an order which deemed the appeal frivolous and without merit. *Iacovetti v. KinderCare Learning Centers, Inc.*, 2011 IL App (1st) 091541-U. In that order we stated that we were "tempted" to award sanctions and advised Stolfo to be "much more circumspect in bringing matters before this court." *Id.* ¶ 42.

¶ 5    In the meantime, in June 2009, the respondents filed a motion in the trial court seeking sanctions against Stolfo pursuant to Supreme Court Rule 137. Ill. S. Ct. R. 137 (eff. Feb. 1, 1994). In April 2011, the trial court awarded $139,992.64 in sanctions because Stolfo "continued to prosecute a cause of action after his client's deposition testimony shut the door to any possibility of recovery." The trial court explained that the amount represented legal fees incurred by the respondents after Stolfo "knew or should have known that [his client's] case was hopeless."

¶ 6    Although the April 2011 order of the trial court was a nonfinal order, on May 10, 2011, Stolfo filed a notice of appeal.  On September 12, 2011, our appellate court granted the respondents' motion to strike that appeal and further awarded the respondents' attorney fees in the amount of $4,083.

¶ 7    On November 3, 2011, the trial court entered a "final judgment order" (the November 2011 judgment) confirming its prior determination of Rule 137 sanctions in the amount of $139,992.64.  Stolfo filed a direct appeal from the November 2011 judgment (No. 1-11-3550). In that appeal, Stolfo filed a "Rule 361(h) Dispositive Motion" in which he asserted numerous arguments as to why the November 2011 judgment should be vacated.  Among other arguments, he claimed that the November 2011 judgment was "void ab initio" because, on May 2, 2011, KinderCare had converted from a Delaware corporation to a Delaware limited liability company (LLC).  Stolfo's motion urged that as a result of the change in corporate form, the KinderCare party who had been awarded sanctions had "ceased to exist" and that the "trial court and the Appellate Court *** were divested of subject matter jurisdiction."

¶ 8    On June 22, 2012, our appellate court found that it had jurisdiction, denied Stolfo's "Dispositive Motion," and dismissed his direct appeal from the November 2011 judgment.  We noted that Stolfo's motion violated a prior order "wherein we advised [Stolfo] that Supreme Court Rule 375 sanctions will be considered by this Court" if Stolfo were to "file another patently frivolous motion."  We found that Stolfo's direct appeal "demonstrates an improper purpose where the primary purpose of the appeal was to delay, harass or cause needless expense," and therefore we dismissed the appeal as a sanction.

¶ 9    On October 31, 2013, Stolfo filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)) seeking to vacate the November 2011

judgment. The petition raised numerous challenges asserting that the November 2011 judgment was void or otherwise erroneous. Among other claims, Stolfo's petition again contended that the November 2011 order was void in light of KinderCare's May 2011 conversion to an LLC. He claimed that the corporate entity to which sanctions had been awarded ceased to exist, and that KinderCare, in its LLC form, was not a proper "party" to the proceeding, and could not enforce the November 2011 judgment. Thus he argued that the judgment was a "nullity."

¶ 10    Stolfo also claimed that the trial court "lacked justiciability" to impose attorney fee sanctions under Rule 137, because the legal fees incurred by KinderCare's attorneys, Seyfarth Shaw LLP, had been paid by a separate entity. Specifically, Stolfo claimed that Seyfarth Shaw's fees were paid by a nonparty, Knowledge Learning Corporation. Stolfo urged that Rule 137 sanctions may only include attorney fees paid by a *party*, and thus there was no "justiciable matter" to support sanctions. Stolfo thus claimed that the trial court had lacked subject matter jurisdiction to enter the November 2011 judgment awarding sanctions.

¶ 11    Separately, the section 2-1401 petition claimed that KinderCare had failed to sufficiently allege, or prove, any specific filings or statements made by Stolfo in the underlying lawsuit that violated Rule 137. Rather, he contended that the trial court had "presumed" that sanctions should be awarded. Stolfo also claimed that his procedural due process rights had been violated because he was denied an evidentiary hearing at which he could challenge the basis for the Rule 137 sanctions.

¶ 12    On February 20, 2014, Stolfo filed a "motion for summary judgment" which urged that the respondents lacked "standing" to continue to appear or participate in the section 2-1401 proceeding, due to KinderCare's conversion from a Delaware corporation to an LLC.

¶ 13    On March 14, 2014, the respondents filed a motion to dismiss Stolfo's petition.   Among other arguments, the respondents urged that dismissal was warranted under the doctrines of *res judicata* or collateral estoppel, as Stolfo had on several prior occasions (including his direct appeal) unsuccessfully argued that the November 2011 judgment was void or otherwise unenforceable due to KinderCare's LLC conversion.

¶ 14    On July 16, 2014, the trial court granted the respondents' motion and dismissed Stolfo's section 2-1401 petition with prejudice.   In the same order, the court also denied Stolfo's motion for summary judgment.   Stolfo filed a notice of appeal on August 5, 2014.

¶ 15    While this appeal was pending, on September 24, 2015, the respondents filed a motion for sanctions pursuant to Supreme Court Rule 375, requesting that we dismiss Stolfo's appeal, impose a fine on him, and also award the respondents' expenses, including their attorney fees, relating to this appeal.   On September 29, 2015, Stolfo filed a response which largely repeated his arguments that the respondents lacked "standing" to challenge his section 2-1401 petition as a result of KinderCare's conversion to an LLC.   We consider the respondents' motion for sanctions along with our disposition of the case.

¶ 16                                ANALYSIS

¶ 17    We note that we have appellate jurisdiction because this is an appeal from an order denying relief sought in a section 2-1401 petition. Ill. S. Ct. R. 304(b)(3) (eff. Jan. 1, 2006).

¶ 18    Before we address the merits, we note that Stolfo's appellate brief fails to comply with the Supreme Court Rules.  Stolfo's statement of facts, which is less than one page and contains no citations to the record,  does not "contain the facts necessary to an understanding of the case" as required under Rule 341.  Ill. S. Ct. R. 341(h)(6) (eff. July 1, 2008).  Moreover, much of the

argument in his appellate briefing is rambling, repetitious, and consists of jumbled run-on sentences, many of which are not decipherable.[1]

¶ 19 When an appellant's brief does not comply with our supreme court's rules, the reviewing court has the authority to strike the brief and disregard its arguments. See *In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004). However, because we are able to ascertain the relevant facts from the respondents' brief and the record on appeal, we may reach the merits. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (finding that although the appellant's brief "hinders review," the court could decide the merits where they could be "readily ascertained from the record on appeal").

¶ 20 On appeal, Stolfo asserts that the trial court erred both with respect to the denial of his motion for summary judgment on his section 2-1401 petition, as well as by granting the respondents' motion to dismiss the petition. He claims that the trial court should have decided his summary judgment motion before ruling on the respondents' motion to dismiss. However, as set forth below, we determine that the section 2-1401 petition was barred by *res judicata* and was properly dismissed. Thus, there was no need for the trial court to decide Stolfo's summary judgment motion in support of his section 2-1401 petition.

¶ 21 A section 2-1401 petition is "subject to dismissal for want of legal or factual sufficiency." *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). "Like a complaint, the petition may be challenged by a motion to dismiss for its failure to state a cause of action or if, on its face, it shows that the petitioner is not entitled to relief." (Internal quotation marks omitted.) *Id.*

---

[1]Stolfo's prior submissions in other related appeals have also been problematic. Our September 2011 order noted that Stolfo's brief was "rambling, jumbled, and mostly incoherent," "rife with grammatical and punctuation errors, and incomplete and run-on sentences." *Iacovetti*, 2011 IL App (1st) 091541-U, ¶ 17. These criticisms also apply to Stolfo's briefing in this appeal.

¶ 22   "[A] section 2-1401 petition can present either a factual or legal challenge to a final judgment or order," and "the nature of the challenge presented \*\*\* dictates the proper standard of review on appeal." *Warren County Soil & Water Conservation District v. Walters,* 2015 IL 117783, ¶ 31.   When a section 2-1401 petition presents a fact-based challenge, it must allege facts to support "the existence of a meritorious defense," "due diligence in presenting this defense" to the trial court, and due diligence in filing the section 2-1401 petition.   *Id.* ¶ 37 (citing *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986)).   "The question of whether relief should be granted lies within the sound discretion of the circuit court" and "a reviewing court will reverse the circuit court's ruling on the petition only if it constitutes an abuse of discretion."   *Id.* (citing *Airoom*, 114 Ill. 2d at 221).   On the other hand, when a section 2-1401 petition presents a "purely legal challenge to a judgment," such as a claim that the earlier judgment was void, the standard of review is *de novo.  Id.*  ¶ 47.

¶ 23   Stolfo's section 2-1401 petition purports to raise both "purely legal" arguments that the November 2011 judgment was void, as well as fact-based challenges to the sufficiency of the evidence supporting that judgment.   However, under either a deferential "abuse of discretion" or a *de novo* standard of review, we agree with the respondents that *res judicata* warrants dismissal of his section 2-1401 petition.

¶ 24   "Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.   [Citations.]   *Res judicata* bars not only what was actually decided in the first action, but also whatever could have been decided.   [Citation.]"   *In re B.G.*, 407 Ill. App. 3d 682, 686-87 (2011).   "Three requirements must be satisfied for *res judicata* to apply: (1) the rendition of a final judgment on the merits by a court of competent jurisdiction; (2) the existence

of an identity of cause of action; and (3) the parties or their privies are identical in both actions." *Id.*

¶ 25     Significant to this appeal, "[i]ssues which could have been raised *** on direct appeal are *res judicata* and may not be relitigated in [a] section 2-1401 proceeding, which is a separate action and not a continuation of the earlier action." *In re Marriage of Baumgartner*, 226 Ill. App. 3d 790, 794 (1992);   see also *B.G.*, 407 Ill. App. 3d at 687 (section 2-1401 petition challenging the trial court's judgment of petitioner's parental unfitness was barred by *res judicata*, as the direct appeal had affirmed the trial court on the merits).

¶ 26     In this appeal, Stolfo's section 2-1401 petition asserts arguments that either were, or could have been, asserted in his direct appeal from the November 2011 judgment, which was dismissed as "frivolous" by our court in June 2012.  For example, Stolfo's section 2-1401 petition claims that KinderCare's conversion to an LLC deprived the trial court of jurisdiction, duplicative of the arguments he submitted in his direct appeal.  Stolfo otherwise offers no explanation as to why any of the arguments newly asserted in his section 2-1401 petition could not have been included in his direct appeal.

¶ 27     Our June 2012 decision satisfies the requirements for *res judicata*.  As that decision expressly found that we had appellate jurisdiction and dismissed Stolfo's direct appeal as "frivolous," that decision was a "final judgment on the merits by a court of competent jurisdiction."  *B.G.*, 407 Ill. App. 3d at 686-87.   Moreover, there is clearly an identity of the cause of action between the direct appeal from the November 2011 judgment and Stolfo's section 2-1401 petition, and the identical parties are involved.

¶ 28     Stolfo's briefing in this appeal argues that "res judicata and collateral estoppel are not applicable to allegations of a void judgment," citing decisions holding that void *circuit court*

judgments were subject to collateral attack and were not afforded preclusive effect. See *In re Marriage of Hulstrom*, 342 Ill. App. 3d 262, 270 (2003); *Miller v. Balfour*, 303 Ill. App. 3d 209, 215 (1999); *Ottwell v. Ottwell*, 167 Ill. App. 3d 901, 909 (1988). Stolfo's reliance on these cases is misplaced, as they simply hold that *res judicata* cannot be invoked to insulate a void judgment from a collateral attack. That principle is inapplicable to the situation here. In this appeal, the decision that has *res judicata* preclusive effect is *not* the trial court's November 2011 judgment that Stolfo claims is void. Rather, it is our appellate court's June 2012 order (which considered and rejected Stolfo's direct appeal from the November 2011 judgment) that precludes his section 2-1401 petition.

¶ 29 Stolfo does not cite any case suggesting that litigants may use a section 2-1401 petition as a second opportunity to raise arguments that were, or could have been, made in a direct appeal. Such a result would conflict with our precedent that, "[c]onsistent with the strong judicial policy favoring finality of judgments, *** a section 2-1401 petition is not to be used as a device to relitigate issues already decided or to put in issue matters which have previously been or could have been adjudicated." (Internal quotation marks omitted.) *Hirsch v. Optima, Inc.*, 397 Ill. App. 3d 102, 110 (2009).

¶ 30 As the arguments raised in Stolfo's section 2-1401 petition either were or could have been raised in his unsuccessful direct appeal from the November 2011 judgment, we agree with the respondents that dismissal of the section 2-1401 petition was warranted by *res judicata*. That conclusion disposes of any need to separately analyze Stolfo's motion for summary judgment, in which he claimed that the respondents lacked "standing" to oppose his section 2-1401 petition. In any event, we note that *res judicata* would similarly apply to bar that motion.

¶ 31    Having concluded that the trial court correctly dismissed Stolfo's section 2-1401 petition and denied his motion for summary judgment, we turn to the respondents' motion for sanctions filed in this appeal and which we now resolve. That motion contends that sanctions against Stolfo are warranted under either Rule 375(a), which applies if a party has "wilfully failed to comply with the appeal rules," or Rule 375(b), which permits sanctions if an appeal is "frivolous" or "not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. Rule 375(a), (b) (eff. Feb. 1, 1994). Violation of Rule 375(a) may be sanctioned by "an order to pay a fine," and a violation of either Rule 375(a) or (b) may be sanctioned by requiring the offending party or its attorney to pay "the reasonable costs of the appeal *** and any other expenses necessarily incurred by the filing of the appeal *** including reasonable attorney fees." Ill. S. Ct. R. 375 (eff. Feb. 1, 1994). The respondents' motion requests sanctions representing their costs from this appeal, and further requests that we "impose a substantial fine on Stolfo and condition the future filing of any appellate pleadings by Stolfo on full payment of the fine."

¶ 32    Our review of the record on appeal reveals that Stolfo has engaged in a long history of frivolous conduct with respect to this litigation. Stolfo has filed numerous frivolous appeals, despite repeated warnings and sanctions. On September 12, 2011, our court awarded the respondents $4,083 in attorney fees in striking Stolfo's appeal (No. 1-11-1385) from the nonfinal April 2011 sanctions order. Shortly thereafter, on September 15, 2011, our court found that the appeal from the trial court's grant of summary judgment in favor of the respondents (No. 1-09-1541) was "completely lacking in legal merit" and warned Stolfo to "be much more circumspect in bringing matters before this court." In June 2012, we dismissed Stolfo's direct appeal from the November 2011 judgment (No. 1-11-3550) as "frivolous." Nevertheless, Stolfo proceeded to file

the instant section 2-1401 petition, which repeated arguments that had been deemed "frivolous" in his direct appeal.

¶ 33    Furthermore, in separate appeals instituted by Stolfo in his patent attempts to avoid enforcement of the November 2011 judgment, we have repeatedly warned Stolfo that he risked sanctions. On February 25, 2015, in appeal No. 1-14-3608, our court warned him that "sanctions will be considered by this court if he files another frivolous motion."   On March 5, 2015, in appeal No. 1-14-2044, we found that Stolfo had indeed filed frivolous motions after being warned not to do so.    We then awarded sanctions in the amount of $18,054.25 for the respondents' expenses in that appeal, and again warned Stolfo that he would be subject to additional sanctions for any further frivolous filings.

¶ 34    Especially in light of Stolfo's blatant disregard for our court's prior admonitions, we have no difficulty in finding that this current appeal is frivolous and "not taken in good faith," warranting sanctions pursuant to Rule 375(b).   Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). Accordingly, the respondents' motion for sanctions is granted.

¶ 35    In this court's prior Rule 23 order (Ill. S. Ct. R. 23 (eff. July 1, 2011)) issued on January 11, 2016 (which has now been withdrawn pursuant to the respondents' motion to publish this court's order as an opinion), our court directed the respondents to submit a statement of their reasonable expenses and attorney fees incurred as a result of this appeal, and allowed Stolfo to file a response thereto. We have now considered those submissions and resolve the issue in this opinion.

¶ 36    The respondents, through their counsel in this appeal, the Wentzel Law Offices (Wentzel), submitted a statement of expenses, an attorney affidavit, and supporting time sheets. The time sheets detail the hours billed, fees charged, and work performed by an attorney and

paralegal in connection with Wentzel's representation of the respondents in this appeal, including respondents' motion for sanctions that was taken with the case before this court. The total of expenses and fees sought by the respondents, for both the appeal and the motion for sanctions, is $22,864.49.

¶ 37    Stolfo's response to the respondents' statement of expenses does not attempt to argue that the hours billed by Wentzel were excessive, or that Wentzel's billing rates were unreasonable. Instead, Stolfo's response asserts numerous arguments—many of them frivolous and repetitive of his prior arguments—claiming that his section 2-1401 petition should not have been dismissed, and maintaining that the respondents are not entitled to any Rule 375 sanctions whatsoever.

¶ 38    Upon review of these submissions, we find that the fees and expenses claimed by the respondents in connection with this appeal are reasonable and are fully supported by the detailed time sheets and affidavit submitted by Wentzel. Furthermore, we note that Stolfo persists in asserting frivolous arguments.

¶ 39    We determine that the respondents are entitled to the full amount of fees and expenses that they incurred in connection with this appeal, including their motion for sanctions pursuant to Rule 375. Thus, we impose sanctions in the amount of $22,864.49 against Stolfo and in favor of the respondents. Further, although we find that Stolfo has "wilfully failed to comply with the [appellate] rules," which may support an additional fine pursuant to Rule 375(a) (Ill. S. Ct. R. 375(a) (eff. Feb. 1, 1994)), we find that granting respondents' total fees and expenses is sufficient and thus decline to impose any additional fine against Stolfo at this point.

¶ 40    Stolfo is also directed to obtain leave of this court prior to submitting any other filings.

¶ 41    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 42    Affirmed.