NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200085-U

NO. 4-20-0085

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 23, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| TYSON K. JONES, | ) | No. 04CF700 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jonathan T. Braden, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err by denying defendant's petition for relief from judgment.

¶ 2    In December 2019, defendant, Tyson K. Jones, filed *pro se* a petition for relief from judgment under section 2-1401(f) of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401(f) (West Supp. 2019) (amended by Pub. Act 101-411 (eff. Aug. 1, 2019)). The petition was defendant's third petition brought under section 2-1401 attacking his November 2017 guilty plea. In his petition, defendant asserted his guilty plea was void because the circuit court lacked jurisdiction when he pleaded guilty due to a pending appeal. He requested the dismissal with prejudice of his armed robbery charge, asserting the lack of jurisdiction violated his right to a fair and speedy trial. The State filed a motion to dismiss defendant's petition and amended petition, asserting (1) defendant's claim was barred by the doctrine of *res judicata* and

(2) defendant's petition was untimely. Thereafter, defendant filed *pro se* an amended petition, which was actually a response to the State's motion to dismiss. After a January 2020 hearing, the Vermilion County circuit court dismissed defendant's section 2-1401 petition.

¶ 3        Defendant appeals, contending his aggravated robbery conviction is void because the circuit court lacked jurisdiction to enter it and thus this court should reverse the dismissal of his section 2-1401 petition, vacate his conviction, and order a new trial. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        On November 15, 2004, the State charged defendant with armed robbery, a Class X felony (720 ILCS 5/18-2(a)(2), (b) (West 2004)), for the September 14, 2004, robbery at the New Horizon Credit Union located at 1019 East Fairchild Street in Danville, Illinois. After a March 2005 trial, a jury found defendant guilty of the charge. Defense counsel filed a motion for a new trial, and defendant filed a *pro se* motion, asserting ineffective assistance of counsel. At a May 2005 joint hearing, the circuit court denied defendant's motion for a new trial and sentenced him to 30 years' imprisonment. Defendant appealed, asserting (1) the State's evidence was insufficient to prove him guilty beyond a reasonable doubt, (2) the court erred by failing to conduct an inquiry into his *pro se* ineffective assistance of counsel claims, and (3) he was prejudiced by improper Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001) admonishments. This court affirmed defendant's conviction and sentence. *People v. Jones*, 374 Ill. App. 3d 1143, 944 N.E.2d 932 (2007) (table) (unpublished order under Supreme Court Rule 23). Defendant filed a petition for leave to appeal, and the supreme court denied defendant's petition. *People v. Jones*, 229 Ill. 2d 644, 897 N.E.2d 259 (2008) (table).

¶ 6        In May 2008, defendant filed *pro se* a postconviction petition. The circuit court denied defendant's petition, noting the relief requested could not be granted under

"*habeas corpus*."  Defendant appealed and filed a motion to remand.  This court granted defendant's motion, dismissed the appeal, and remanded the case to the circuit court for further proceedings.  *People v. Jones*, No. 4-08-0510 (Aug. 6, 2008) (nonprecedential motion order under Illinois Supreme Court Rule 23).

¶ 7 On remand, defendant was appointed postconviction counsel, who filed both an amended postconviction and a second amended postconviction petition.  The State filed a motion to dismiss defendant's second amended postconviction petition, which the circuit court granted.  Defendant appealed and asserted (1) his seconded amended postconviction petition must be remanded for counsel's full compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013); (2) his defense counsel labored under a *per se* conflict of interest; and (3) if a *per se* conflict of interest did not exist, then his defense counsel labored under an actual conflict.  This court found defendant made a substantial showing of a *per se* conflict of interest, and thus we reversed the dismissal of defendant's second amended postconviction petition and remanded the cause for a third-stage evidentiary hearing.  *People v. Jones*, 2016 IL App (4th) 130937-U, ¶ 31.

¶ 8 After a third-stage evidentiary hearing, the circuit court granted defendant's second amended postconviction petition, finding both a *per se* conflict of interest and grossly ineffective assistance of counsel.  In September 2016, the court entered a written order, granting defendant's postconviction petition and vacating defendant's armed robbery conviction and sentence.  The order also provided for defendant's release from the Department of Corrections.  In December 2016, the State charged defendant with aggravated battery (720 ILCS 5/12-3.05 (West 2016)) in Vermilion County case No. 16-CF-879, and he returned to jail.

¶ 9 In March 2017, defense counsel filed a motion for a fitness examination, asserting there was a *bona fide* doubt as to defendant's fitness to assist counsel in his defense at a retrial on

the armed robbery charge. That same month, trial judge Jonathan Braden was assigned this case. The circuit court appointed Dave Coleman to provide a clinical psychological examination of defendant. In May 2017, defendant filed *pro se* a document indicating he wanted to plead guilty in this case. After a May 26, 2017, hearing, the circuit court found defendant unfit to stand trial. The next month, defendant filed another motion for plea discussions. On August 9, 2017, the court held a status hearing on defendant's fitness. The court found defendant remained unfit. On September 19, 2017, defendant filed a notice of appeal from the circuit court's August 9, 2017, order. The proof of service stated defendant put the notice of appeal in the jail mail bag on September 6, 2017. This court docketed the appeal as case No. 4-17-0746.

¶ 10    At an October 2017 status hearing, the circuit court entered an order for defendant's fitness to be reexamined. At a November 17, 2017, hearing, the parties stipulated to the admission of a report finding defendant fit to stand trial. The court noted the stipulation and waiver of any further evidence and then found defendant fit to stand trial. Thereafter, pursuant to a plea agreement, defendant pleaded guilty to an amended charge of aggravated robbery, a Class 1 felony (720 ILCS 5/18-5(a), (b) (West 2004)) and was sentenced to 15 years' imprisonment (essentially time served). Also, under the plea agreement, defendant's charge in case No. 16-CF-879 was dismissed. On November 21, 2017, this court allowed defendant's motion to dismiss his appeal in case No. 4-17-0746.

¶ 11    In June 2018, defendant filed *pro se* a motion to vacate his guilty plea under section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West 2018)). The circuit court found defendant's motion was legally insufficient and dismissed it. Defendant filed a notice of appeal from the court's dismissal order. This court docketed defendant's appeal as case No.

4-18-0454. On September 14, 2018, this court allowed defendant's motion to dismiss his appeal in case No. 4-18-0454.

¶ 12     Later, in September 2018, defendant by counsel filed a second section 2-1401 petition, asserting defendant's November 17, 2017, guilty plea was void because the circuit court lacked jurisdiction due to the pending appeal of the circuit court's unfitness finding. The petition requested the vacatur of all actions taken on November 17, 2017, that were not related to defendant's fitness to stand trial. Defendant later filed *pro se* an amended section 2-1401 petition, raising a claim of fraudulent concealment of exculpatory evidence and asserting the State knowingly used perjury. The amended petition requested the armed robbery charge be dismissed with prejudice. The State filed a response, asserting the circuit court never lost jurisdiction because the notice of appeal was unauthorized and untimely. It also argued defendant had not presented any new and reliable information discovered after his guilty plea. After a May 2019 hearing, the circuit court denied defendant's section 2-1401 petition and amended section 2-1401 petition. Defendant did not appeal the circuit court's denial.

¶ 13     In December 2019, defendant filed *pro se* a third petition under section 2-1401. In his petition, defendant again asserted the circuit court lacked jurisdiction on November 17, 2017, due to a pending appeal. He noted he submitted his notice of appeal on September 6, 2017, but the clerk did not file it until September 19, 2017. Defendant again requested the dismissal with prejudice of his armed robbery charge. The State filed a motion to dismiss defendant's petition, asserting (1) defendant's claim was barred by the doctrine of *res judicata* and (2) defendant's petition was untimely. Defendant filed *pro se* an amended petition, which was more of a response to the State's motion to dismiss. After a January 28, 2020, hearing, the Vermilion County circuit court dismissed defendant's section 2-1401 petition, finding

defendant's claims were either barred by collateral estoppel or the petition's untimeliness.

¶ 14       On February 13, 2020, defendant filed a timely notice of appeal from the denial of his section 2-1401 petition in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 15                                II. ANALYSIS

¶ 16       Defendant argues this court should reverse the dismissal of his third petition seeking relief under section 2-1401. Specifically, he contends his aggravated robbery conviction is void because his pending appeal on the circuit court's unfitness finding stripped the circuit court of jurisdiction to determine his guilt. The State contends defendant's claim is barred by *res judicata* and is meritless because an appeal from an unfitness finding does not divest the circuit court of jurisdiction and defendant's notice of appeal was unauthorized and untimely.

¶ 17       The circuit court's dismissal of defendant's third section 2-1401 petition was under section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2020)), and thus our review is *de novo* (*Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389, 757 N.E.2d 471, 477 (2001)). Moreover, we may affirm the circuit court's dismissal on any basis in the record, regardless of whether the circuit court considered that basis or whether its decision is actually supported by the bases it did consider. *Moody v. Federal Express Corp.*, 368 Ill. App. 3d 838, 841, 858 N.E.2d 918, 921 (2006).

¶ 18       The doctrine of *res judicata* provides "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Nowak*, 197 Ill. 2d at 389, 757 N.E.2d at 477. The doctrine applies

when the following three requirements are satisfied: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *Nowak*, 197 Ill. 2d at 390, 757 N.E.2d at 477. "*Res judicata* will not be applied where it would be fundamentally unfair to do so." *Nowak*, 197 Ill. 2d at 390, 757 N.E.2d at 477.

¶ 19        Defendant first argues the doctrine of *res judicata* does not apply to void judgment claims. See, *e.g.*, *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38, 32 N.E.3d 553; *Stolfo v. KinderCare Learning Centers, Inc.*, 2016 IL App (1st) 142396, ¶ 28, 51 N.E.3d 906 (noting the cited cases simply hold *res judicata* cannot be invoked to insulate a void judgment from a collateral attack); *Miller v. Balfour*, 303 Ill. App. 3d 209, 215, 707 N.E.2d 759, 764 (1999) (noting "void judgments are always subject to collateral attack for lack of jurisdiction or fraud"). However, in this case, after a May 2019 hearing, the circuit court denied defendant's second section 2-1401 petition that claimed his aggravated robbery conviction was void for lack of jurisdiction due to the pending fitness appeal. Thus, unlike the cases cited by defendant, he had already received a collateral attack raising the very same void judgment claim, and the judgment was found not to be void.

¶ 20        In *Stolfo*, 2016 IL App (1st) 142396, ¶¶ 28, 30, the reviewing court rejected the plaintiff's argument *res judicata* could not apply to a void judgment argument and found the dismissal of the plaintiff's section 2-1401 petition was warranted based on *res judicata*. The reviewing court found its prior order, which considered and rejected the plaintiff's direct appeal from the allegedly void November 2011 judgment, precluded the section 2-1401 petition and not the November 2011 order. *Stolfo*, 2016 IL App (1st) 142396, ¶ 29. It further noted the plaintiff did not cite any case suggesting litigants may use a section 2-1401 petition as a second

opportunity to raise arguments that were, or could have been, made in a direct appeal. *Stolfo*, 2016 IL App (1st) 142396, ¶ 29. Such an opportunity would conflict with the precedent, " '[c]onsistent with the strong judicial policy favoring finality of judgments, *** a section 2-1401 petition is not to be used as a device to relitigate issues already decided or to put in issue matters which have previously been or could have been adjudicated.' " *Stolfo*, 2016 IL App (1st) 142396, ¶ 29 (quoting *Hirsch v. Optima, Inc.*, 397 Ill. App. 3d 102, 110, 920 N.E.2d 547, 555-56 (2009)).

¶ 21        While defendant did not file a direct appeal from his November 17, 2017, guilty plea and sentence, he did file a prior section 2-1401 petition in which he raised the very same void judgment argument. The record shows defendant fully litigated the void judgment claim in his second 2-1401 petition and is seeking a second opportunity to litigate the very same claim. Thus, we find *res judicata* bars defendant from raising the same void judgment claim in his third section 2-1401 petition.

¶ 22        Defendant also asserts the application of the doctrine of *res judicata* would be fundamentally unfair in this case. Specifically, he criticizes his attorney who filed his second section 2-1401 petition for failing to attach his September 2017 notice of appeal and related documents to the second petition and then for failing to present the materials after the State's response. However, defendant was representing himself when the State filed its response raising the untimeliness of defendant's September 2017 notice of appeal and when the circuit court heard arguments on defendant's second section 2-1401 petition. Thus, defendant's failure to fully argue the issue at the time of second section 2-1401 petition was his own doing and not counsel's.

¶ 23    Additionally, we note the relief defendant requested in his third section 2-1401 petition was dismissal with prejudice of the armed robbery charge. However, such relief is not available even if his guilty plea was void for lack of jurisdiction. If defendant's guilty plea was void for lack of jurisdiction, then defendant's case would be remanded to the pretrial phase. There, defendant would again have a pending armed robbery charge in this case and a pending aggravated battery charge in case No. 16-CF-879.

¶ 24    Accordingly, we find defendant has failed to demonstrate the doctrine of *res judicata* should be relaxed based on fundamental fairness. Thus, the circuit court properly dismissed defendant's third section 2-1401 petition.

¶ 25                        III. CONCLUSION

¶ 26    For the reasons stated, we affirm the Vermilion County circuit court's judgment.

¶ 27    Affirmed.