2022 IL App (1st) 210692-U

No. 1-21-0692

Order filed November 14, 2022.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 97 CR 12507 |
| | ) | |
| WILLIAM SUTHERLAND III, | ) | The Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order dismissing defendant's petition for relief from judgment is affirmed where the issue that defendant claims the circuit court did not consider was barred by *res judicata*.

¶ 2    Defendant William Sutherland III appeals from the dismissal of his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)). On appeal, defendant contends that the circuit court only reviewed his supplemental petition, and not his original petition, and, therefore, violated due process. As the

record establishes that the original petition and supplemental petition were both before the circuit court and the issue that defendant claims the circuit court did not consider was barred by *res judicata*, we affirm.

¶ 3    Following a 1998 jury trial, defendant was found guilty of attempted first degree murder of his then-wife Elaine Sutherland and minor stepdaughter E.E., two counts of aggravated battery with a firearm, and two counts of home invasion. Defendant received consecutive terms of 30 years' imprisonment on each attempted murder count and one home invasion count.

¶ 4    During trial, the court held a hearing where it determined that E.E., then age six, was competent to testify. E.E. testified that on April 11, 1997, she saw defendant shoot Sutherland; then, he shot E.E. on the left side of her face, above her lip. The jury was instructed under Illinois Pattern Jury Instruction 3.15 (Illinois Pattern Jury Instructions, Criminal, No. 3.15 (3d ed. 1992) (hereinafter IPI 3.15)) to evaluate identification testimony based on:

> "[t]he opportunity the witness had to view the offender at the time of the offense; or [t]he witness's degree of attention at the time of the offense; or [t]he witness's earlier description of the offender; or [t]he level of certainty shown by the witness when confronting the defendant; or [t]he length of time between the offense and the identification confrontation."

¶ 5    On direct appeal, defendant argued that the trial court abused its discretion in finding that E.E. was competent to testify and erred in incarcerating defense counsel for contempt overnight during the trial. Defendant also claimed the prosecution made improper statements in closing argument, the State failed to prove him guilty beyond a reasonable doubt, the court abused its discretion in sentencing him and trial counsel was ineffective for not preserving the issue, and the

statute governing concurrent and consecutive sentencing violated due process. We affirmed. *People v. Sutherland*, 317 Ill. App. 3d 1117 (2000). In relevant part, we found that the trial court did not abuse its discretion in determining that E.E. was competent because she asserted that she knew the difference between telling the truth and lying, and between fantasy and reality. *Id*. at 1125.

¶ 6 Defendant then filed a series of unsuccessful collateral challenges; this court affirmed on appeal. See *People v. Sutherland*, Nos. 1-01-3770 (2005), 1-12-1629 (2014), 1-14-3455 and 1-15-2795 (cons.) (2016) (unpublished summary orders under Supreme Court Rule 23(c)); *People v. Sutherland*, 2013 IL App (1st) 113072. In several of the proceedings, defendant challenged the trial court's use of the conjunction "or" between the factors in IPI 3.15.[1]

¶ 7 On November 18, 2020, defendant filed a motion for substitution of judge, which asserted that on November 5, 2020, he had mailed a *pro se* section 2-1401 petition to the Circuit Court of Cook County and the Cook County State's Attorney's Office by certified mail. The motion for substitution of judge did not specifically address the contents of the section 2-1401 petition, but generally alleged that "the matter presented within said petition is such that even laypersons have agreed that the error is egregious and that the cited statute is applicable." The record on appeal does not contain a copy of the section 2-1401 petition, which is not mentioned in the electronic case summary, handwritten record of orders, or half-sheet entries from November and December 2020. The State did not file a response to the petition.

---

[1] Additionally, in *People v. Sutherland*, 1-10-2466 (2011) (disposition order), we granted defendant's motion to dismiss his appeal from the circuit court's order dismissing a petition for relief from judgment arguing, *inter alia*, that his convictions were void due to the trial court's use of IPI 3.15.

¶ 8    During proceedings on December 8, 2020, the circuit court struck the motion for substitution of judge and added, "[i]f there's nothing else before this Court, this matter will be taken off call."

¶ 9    On February 9, 2021, defendant filed a *pro se* motion for leave to supplement his petition for relief from judgment. Specifically, defendant sought to supplement the "original claim" with the "excerpt from [the] direct appeal *** where error occurred at the competency hearing of trial," and to include another claim "pertaining to the trial court's issuing of a wrongful Illinois Pattern Jury Instruction regarding the weighing of the credibility of identification testimony." Defendant argued that his conviction was void where E.E.'s "dubious" identification testimony was the only non-circumstantial evidence used to convict him and the trial court erred by instructing the jury using the disjunctive "or" rather than "and" in enumerating the factors in IPI 3.15.

¶ 10    Defendant attached pages from his brief on direct appeal, which contended that the trial court abused its discretion in finding that E.E. was competent as a witness because she "lacked an appreciation of right and wrong and *** was unable to distinguish between fantasy and reality." The State did not file a response to the supplemental petition.

¶ 11    On May 11, 2021, the circuit court dismissed defendant's petition in a written order. The court noted that defendant "submitted" his section 2-1401 petition on November 5, 2020, and "filed" a motion for leave to supplement the petition on February 9, 2021. The court stated that it "conducted an *ex parte* review of [defendant's] filings," and found that defendant's convictions were not void because the trial court possessed jurisdiction over defendant's case. Further, IPI 3.15 was modified in 2003 to remove the "or" conjunction between the factors, the modification did

not apply retroactively on collateral review, and in any event, the trial evidence was not closely balanced. The written order did not address any other issues.

¶ 12 During video conference proceedings that day, the circuit court informed defendant that it "did receive your 2-1401 petition that you filed in November of last year and then your motion seeking leave to supplement your 2-1401 petition that you filed in February of this year." The court stated that it "reviewed your filing" and "your 2-1401 petition is going to be dismissed." The court summarized its holdings regarding the jury instruction issue and asked defendant whether "anything else" needed to be addressed. Defendant responded, "[t]he competency hearing issue, the second issue." The following colloquy occurred:

"THE COURT: The only thing you have filed that I saw in the 2-1401 was your eyewitness identification instruction. You filed all sorts of different things throughout the years. I know there was a direct appeal that was affirmed. I know you filed an initial post-conviction which was denied. ***

You already had another 2-1401 petition which was denied. Leave to file a successive post-conviction petition was denied. Today what you had before me was this instruction issue which I have ruled upon. ***

There is nothing pending before this Court now. ***

THE DEFENDANT: Okay. Take care."

¶ 13 The half-sheet entry for May 11, 2021, contains a handwritten entry stating "2-1401 denied." The electronic case summary and handwritten record of orders for May 11, 2021, each reflect that a section 2-1401 petition was denied; neither distinguishes between the petition of November 5, 2020, and the supplemental petition of February 9, 2021.

¶ 14    On appeal, defendant argues that the circuit court denied him procedural due process and did not comply with the rules of civil procedure where it dismissed his section 2-1401 petition after reviewing only the supplement filed on February 9, 2021. Defendant contends that the court's failure to address his claim regarding the competency hearing, which he maintains was in his original petition, supports his assertion that the court did not review the original petition of November 5, 2020. Defendant does not challenge the judgment as to the jury instruction issue.

¶ 15    The State responds that the record does not affirmatively show that the circuit court did not review the original petition, despite the court's failure to explicitly mention the competency hearing claim in its order or during proceedings on May 11, 2021. The State also comments that the competency hearing issue is barred as *res judicata*. Further, the State argues that defendant bears the burden to present a sufficiently complete record, and any doubts that arise from the incomplete record, namely, the missing petition, should be held against him.

¶ 16    Section 2-1401 of the Code is a civil remedy that extends to criminal cases and provides a statutory mechanism for vacating final judgments more than 30 days from their entry. 735 ILCS 5/2-1401 (West 2020); *People v. Stoecker*, 2020 IL 124807, ¶ 18. "A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000).

¶ 17    "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*,

226 Ill. 2d 1, 7-8 (2007). A section 2-1401 petition is "not designed to provide a general review of all trial errors nor to substitute for direct appeal." (Internal quotation marks omitted.) *Haynes*, 192 Ill. 2d at 461. A trial court may *sua sponte* dispose of a 2-1401 petition when it is clear on its face that the defendant is not entitled to relief as a matter of law. *Vincent*, 226 Ill. 2d at 12. Where a section 2-1401 petition was decided without an evidentiary hearing, we review *de novo* the circuit court's judgment. *Id.* at 18.

¶ 18    As a preliminary matter, defendant's section 2-1401 petition of November 5, 2020, is not included in the record on appeal.

¶ 19    Normally, a defendant's failure to present a complete record for review "will trigger a presumption favorable to the judgment from which the appeal is taken." *People v. Smith*, 2021 IL App (1st) 190421, ¶ 56. However, this rule is relaxed where the defendant is not at fault for the incomplete record and establishes a colorable need for the missing portion of the record for appellate review. *Id.*

¶ 20    Here, the record does not show that the section 2-1401 petition of November 5, 2020, was docketed by the clerk of the circuit court. Although the court commented on May 11, 2021, that "[t]he only thing *** that I saw in the 2-1401 was [the] eyewitness identification instruction," which was the issue raised in the supplemental petition, the court's written order and verbal comments that day indicate that copies of both the November 5, 2020, petition, and the February 9, 2021, supplemental petition, were before the court. It is unclear how the circuit court obtained a copy of the petition or why it is not included in the record on appeal.

¶ 21    In defendant's opening brief, counsel asserts that in November 2021, she unsuccessfully attempted to locate the November 2020 petition in the Cook County Court Clerk's file and obtain

it from defendant. Counsel contends that the usual presumption against defendant should not apply because defendant is not at fault for the incomplete record.

¶ 22     Even accepting counsel's representations, however, defendant would not be entitled to relief in this appeal. This court may affirm on any basis in the record (see *People v. Nitz*, 2012 IL App (2d) 091165, ¶ 13), and it is clear from defendant's supplemental petition of February 9, 2021, and his comments during proceedings on May 11, 2021, that the November 5, 2020, petition challenged the trial court's ruling regarding E.E.'s competence. Defendant previously raised this issue on direct appeal and, therefore, it is barred as *res judicata*. See, *e.g.*, *People v. Stolfo*, 2016 IL App (1st) 142396, ¶ 29 (" 'a section 2-1401 petition is not to be used as a device to relitigate issues already decided or to put in issue matters which have previously been or could have been adjudicated.' " (quoting *Hirsch v. Optima, Inc.,* 397 Ill. App. 3d 102, 110 (2009))).

¶ 23     Moreover, "the purpose of a section 2-1401 petition is to bring facts to the attention of the circuit court which, if known at the time of judgment, would have precluded its entry." *Haynes*, 192 Ill. 2d at 463. Here, neither the record on appeal nor defendant's brief on appeal contains any indication that the section 2-1401 petition of November 5, 2020, alleged new facts. Rather, defendant's supplemental petition included pages from his brief on direct appeal addressing the trial court's ruling on E.E.'s competency. See *Stolfo*, 2016 IL App (1st) 142396, ¶ 29 (using a section 2-1401 petition "as a second opportunity to raise arguments that were, or could have been, made in a direct appeal" would "conflict with our precedent *** favoring finality of judgments" (internal quotation marks omitted)). As defendant's claim regarding E.E.'s competency is barred by *res judicata*, and defendant does not challenge the circuit court's ruling regarding the jury instruction issue, defendant is not entitled to relief in this appeal.

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.