NOTICE

Decision filed 06/25/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 260147-U

NOS. 5-26-0147, 5-26-0148, 5-26-0149,

5-26-0150 cons.

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

---

| | | |
|---|---|---|
| *In re* CHARLEE G., JOURNEE G., ROWDEE G., and CHANCEE G., Minors | ) ) ) | Appeal from the Circuit Court of Johnson County. |
| (The People of the State of Illinois, | ) ) | |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | Nos. 21-JA-34, 21-JA-35, 21-JA-36, 22-JA-13 |
| April A. and Charles G., | ) ) | |
| Respondents-Appellants). | ) ) | Honorable Sarah K. Tripp, Judge, presiding. |

---

JUSTICE CLARKE delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1        *Held*:   We affirm the circuit court's order dismissing the appellants' motion to vacate.

¶ 2        The respondents, April A. (Mother) and Charles G. (Father), appeal *pro se* from the Johnson County circuit court's denial of their petitions for relief from the court's order terminating their parental rights as to their four minor children. For the following reasons, we affirm.

¶ 3                                   I. BACKGROUND

¶ 4        On September 20, 2024, the circuit court entered orders in the cases of Charlee G., Journee G., Rowdee G., and Chancee G., terminating Mother's and Father's (collectively, the parents)

parental rights over the four minors. The court found both parents in default, as neither Mother nor Father appeared at the bifurcated fitness and best interest hearing, although Father's counsel was present. The parents filed an untimely notice of appeal, and we dismissed the appeal for lack of jurisdiction on June 6, 2025. See *In re Journee G. et al.*, No. 5-24-1155 (2025) (unpublished summary order under Illinois Supreme Court Rule 23(c)). The parents subsequently filed a petition for leave to appeal, which our supreme court denied. We issued our mandate on October 6, 2025.

¶ 5 On September 25, 2025, Mother filed a *pro se* petition to vacate the court's termination orders pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)), along with several exhibits. In her petition, Mother argued, *inter alia*, that the circuit court lacked personal and subject matter jurisdiction from the case's inception, based on her allegations that she was improperly served and that the minors were unlawfully removed for multiple reasons. Therefore, she contended, the termination order was void.

¶ 6 Mother also argued that the circuit court violated her due process rights by (1) entering its September 20, 2024, termination orders without ruling on her September 3, 2024, motion titled "Motion to Dismiss with Prejudice Based on Fraud Upon the Court and Lack of Subject-Matter Jurisdiction," (2) basing its termination decision in part on a 2023 indicated finding against the parents that was reversed on appeal and expunged, and (3) acting without "judicial neutrality" by entering a default judgment against Mother. She further argued that she had completed all of her service plan requirements, and the court should not have terminated her parental rights because she had demonstrated substantial compliance.

¶ 7 On September 30, 2025, Father also filed a *pro se* section 2-1401 petition to vacate the circuit court's orders terminating his parental rights. He raised substantially the same arguments as Mother and attached largely the same exhibits. He also argued that the circuit court lacked

2

personal jurisdiction over him because the court's adjudicatory order of March 2, 2022, only named Mother as the parent who inflicted abuse or neglect on the minors. He further stated in an attached affidavit that he was not properly served with summonses "for continued dates after hearings were reset."

¶ 8    The State filed motions to dismiss both parents' section 2-1401 petitions on October 17, 2025. The State argued that the circuit court had personal jurisdiction over the parents when they appeared in court to answer the allegations of the State's petitions to terminate parental rights, and the court had subject matter jurisdiction because it acquired jurisdiction over the minors based on the State's filing of its petitions. It also argued that the parents raised several issues that could have been properly litigated on appeal, such as their allegations regarding the State's evidence, and the parents were improperly seeking another opportunity to challenge the court's judgment. The State further contended that the parents' petitions should be dismissed because they failed to establish that the termination orders were void or state a valid claim for collateral relief.

¶ 9    The record shows that the circuit court set a date of January 7, 2026, for a hearing on the State's motions to dismiss. There is no transcript of such hearing, but the circuit court's docket entry for that date states that, after conducting a permanency hearing, the court took up the State's motions. The State and the parents were present in court. After hearing arguments, the circuit court granted the State's motions to dismiss, and dismissed the parents' petitions to vacate. The docket entry also indicates that the court directed the State to submit a written order. Mother filed a motion to reconsider on January 14, 2026. The circuit court entered a written order on February 3, 2026,

repeating that after hearing argument from the State and the parents, the State's motions were granted and the parents' petitions were dismissed.[1]

¶ 10    The parents filed a timely notice of appeal in all four minors' cases. We consolidated the cases on appeal.

¶ 11                                II. ANALYSIS

¶ 12    A petition for relief from a final order or judgment must be filed within 30 days of the order or judgment's entry, unless a party files pursuant to section 2-1401 of the Code of Civil Procedure. 750 ILCS 50/20b (West 2024); 735 ILCS 5/2-1401 (West 2024). A section 2-1401 petition is intended to correct errors of fact that were unknown to the petitioner and the circuit court at the time of the judgment, and which, if known, would have prevented the entry of that judgment. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). The petition is "not designed to provide a general review of all trial errors or to substitute for a direct appeal." (Internal quotation marks omitted.) *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). Issues that could have been raised on direct appeal are *res judicata* and cannot be relitigated through a section 2-1401 petition. *Stolfo v. KinderCare Learning Centers, Inc.*, 2016 IL App (1st) 142396, ¶ 25.

¶ 13    In order to be entitled to relief under this section, the petitioner must set forth (a) a meritorious claim or defense, (b) due diligence in presenting the claim or defense in the original action, and (c) due diligence in filing the petition. *People v. Coleman*, 206 Ill. 2d 261, 289 (2002).

---

[1]The parents state on appeal that the circuit court denied Mother's motion to reconsider on February 9, 2026. The record on appeal does not indicate the court ever ruled on that motion. However, the motion to reconsider is a nullity because it was filed prematurely before the circuit court's entry of a final order. See *Berkheimer v. Berkheimer*, 63 Ill. App. 3d 19, 20 (1978) (posttrial motion filed after the date of a docket entry requiring the submission of a written order but before entry of the written order was a nullity); Ill. S. Ct. R. 272 (eff. Jan. 1, 2018) ("If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge[,] *** the judgment becomes final only when the signed judgment is filed."). Therefore, the lack of a ruling on the motion to reconsider does not deprive us of jurisdiction. *Berkheimer*, 63 Ill. App. 3d at 20.

The petition must also "be supported by an affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b) (West 2024). Alternately, a petition seeking to vacate a void judgment may be filed pursuant to section 2-1401. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 133 (2002). Illinois recognizes two types of void judgments. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32. Relevant here, a final judgment is void when the court that entered it lacked personal or subject matter jurisdiction. *Id.* ¶ 31.

¶ 14    A section 2-1401 petition is "subject to dismissal for want of legal or factual sufficiency." *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). The petition may be challenged by a motion to dismiss alleging that it fails to state a cause of action or shows on its face that the petitioner is not entitled to relief. *Id.* When the circuit court's ruling on a section 2-1401 petition involves a fact-dependent challenge, we review the circuit court's decision for abuse of discretion. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶¶ 50-51. However, when the court's dismissal of a section 2-1401 petition is based solely on a legal challenge, such as voidness, we review its decision *de novo*. *Id.* ¶¶ 43-47; *Stolfo*, 2016 IL App (1st) 142396, ¶ 22.

¶ 15    On appeal, the parents argue that the circuit court erred in dismissing their petitions on several grounds, largely repeated from their respective section 2-1401 petitions. First, they contend that the termination orders were void for lack of personal and subject matter jurisdiction. The parents challenge personal jurisdiction on the bases that (1) Mother was improperly served by being "handed documents inside the courtroom" during the shelter care hearing for the three older minors, and (2) DCFS investigator Chad Thomas informed her of the hearing date by phone rather than through proper service of process.

¶ 16    We initially note that the parents do not provide any argument for their position that Father was not properly served, or that the circuit court otherwise lacked personal jurisdiction over him.

5

Regardless, it is clear that the court had personal jurisdiction over both parents here. Personal jurisdiction "may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. The Juvenile Court Act of 1987 (Act) specifically provides that, in any proceeding under the Act, the parents' appearance "shall constitute a waiver of service and submission to the jurisdiction of the court." 705 ILCS 405/5-525(4) (West 2024); *In re M.W.*, 232 Ill. 2d 408, 428 (2009) (in proceedings under the Act, personal jurisdiction over the parents was established when they "appeared at the detention hearing and were given copies of the petition").

¶ 17     The parents do not dispute that they attended the shelter care hearing. Furthermore, both attached the transcript of that hearing to their section 2-1401 petitions, which shows that they were indeed present and accepted service at that time.[2] Thus, even if the parents could show they were not properly served with process, the circuit court did not err in dismissing the parents' section 2-1401 petitions insofar as they sought to void the termination orders for lack of personal jurisdiction.

¶ 18     Second, the parents argue that the termination orders were void because the circuit court lacked subject matter jurisdiction. In support, they state that two of the minors were unlawfully removed before a shelter care order was entered, and one minor's case arose from his birth, which took place out-of-state. The parents do not cite any authority establishing that subject matter jurisdiction would be lacking based on the facts alleged. The circuit court's subject matter

_____

[2]The parents were not initially present when the hearing commenced. The State informed the circuit court that DCFS investigator Thomas had provided notice of the hearing to them, and that the parents had indicated they would attend. Thomas, who was present in court, confirmed this. The court proceeded with the hearing, and the parents arrived during Thomas's testimony. The court paused the hearing, and the State indicated that it would serve the parents. The court went off the record, during which it appears the parents were served. When the court returned to the record, it asked the parents whether they had had time to read the petition. The parents answered in the affirmative. The court then restarted the hearing and had Thomas repeat his prior testimony.

jurisdiction over a case brought under the Act is "invoked when the State file[s] the petition for adjudication of wardship." *In re M.W.*, 232 Ill. 2d at 423. Both parents attached to their section 2-1401 petitions copies of the State's filed petitions for adjudication of wardship, as well as the State's petitions for termination of parental rights. The parents do not challenge the State's filing of these petitions. Therefore, based on the face of the parents' section 2-1401 petitions, they failed to show that the circuit court's termination orders were void due to a lack of subject matter jurisdiction.

¶ 19 Additionally, to the extent that the parents challenge the legality of any minors' removal, or whether the State could file a petition for adjudication of wardship for a minor based on abuse or neglect that occurred at the time of his birth outside of Illinois, all relevant facts were known to the petitioners and to the court at the time of the termination order. Additionally, the parents challenged the minors' removal on direct appeal. Thus, these arguments are not properly raised in a section 2-1401 petition. See *Paul*, 223 Ill. 2d at 94.

¶ 20 Lastly, the parents argue that the circuit court violated their due process rights by (1) dismissing their section 2-1401 petitions without holding an evidentiary hearing regarding any disputed material facts, and (2) dismissing their petitions where they alleged that the court should not have entered its termination orders without first ruling on Mother's September 3, 2024, motion to dismiss. The parents do not cite any authority supporting the proposition that they were entitled to an evidentiary hearing, and they do not identify any alleged material facts in dispute. Nor do they identify any facts that were unknown to them at the time of judgment. Furthermore, the record shows that the circuit court did address their petitions at a hearing. As for Mother's motion to dismiss, this argument also could have been raised on direct appeal, and is thus barred by the doctrine of *res judicata*. *Stolfo*, 2016 IL App (1st) 142396, ¶ 25. Therefore, we conclude that

7

dismissal of the parents' section 2-1401 petitions insofar as they challenge the circuit court's termination orders on any grounds beyond personal and subject matter jurisdiction was also proper.

¶ 21                                    III. CONCLUSION

¶ 22     For the reasons stated, the circuit court did not err in dismissing the respondents' petitions for relief from the court's judgment terminating their parental rights. The judgment of the circuit court is affirmed.


¶ 23     Affirmed.